STATE of Maine

v.

**Bradley W. PEASE.**

Supreme Judicial Court of Maine.

Argued Sept. 22, 1982.

Decided Nov. 23, 1982.

David W. Crook, Dist. Atty. (orally), Skowhegan, for plaintiff.

Hyde, Day & Ferris, William Thomas Hyde (orally), Skowhegan, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

The defendant appeals pursuant to 17–A M.R.S.A. § 1207 (Pamph.1982) from two orders of the Superior Court (Somerset County) revoking probation and imposing the original sentences. Defendant challenges the orders of revocation on a number of grounds. Since a procedural error requires that the orders of revocation be vacated, it is unnecessary to consider the grounds specified by the defendant.

In 1980 the defendant was convicted in the Superior Court of the offense of possession of a firearm by a felon. He was given a suspended State Prison sentence of two years and placed on probation for two years. The present proceeding was initiated by the filing of a motion for revocation of probation. The motion alleged that the defendant had violated the conditions of probation in the following manner:

1) On 12–9–80, in Waterville, you were convicted of 12 counts of Making False Statements to the Maine Unemployment Security Commission.

2) Failed to report to supervising Probation-Parole Officer prior to expiration of 7/20/81 one month Out-Of-State-Travel Permit.

3) Failed to report to Supervising Probation-Parole Officer, as ordered, during the months of August, September, October, and November 1981.

4) On 2/3/81 and 9/21/81, in Fairfield, he was observed to be in a state of alco-

hol induced intoxication by police officers.

The court file also contains documents apparently received by the Clerk of the Superior Court which appear to be copies of a separate revocation proceeding initiated in the Northern Kennebec Division of the District Court. The District Court motion sought to revoke probation granted in connection with conviction on twelve counts of making false statements to an agent of the Maine Bureau of Employment Security in violation of 26 M.R.S.A. § 1051(1) (1974). Included among the District Court documents is a copy of an order of the judge of the District Court which, after reciting that a similar proceeding is pending in Superior Court for Somerset County states in relevant part:

> [P]ursuant to 17–A M.R.S.A. Sec. 1206(2) and in the interests of justice, it is ordered that hearing be held on the instant motion for revocation of probation before the Superior Court for Somerset County and the Clerk is directed to transmit forthwith to the Clerk of Courts for Somerset County all papers in this case.

None of the foregoing documents appears on the Superior Court docket even though they are included in the court file. Under ordinary circumstances this Court would not consider on appeal any material which was not reflected on the docket. In the instant case we are compelled to take note of the District Court motion for revocation because the Superior Court purported to hear both matters on a consolidated basis and entered orders of revocation on both motions. The District Court motion was not properly before the Superior Court because 17–A M.R.S.A. § 1206(2) does not authorize removal from one court level to another but relates only to venue within the same court. Accordingly, the order revoking the District Court probation must be vacated.

Defendant's trial counsel interposed no objection in the Superior Court to the consolidated hearing[1] and no objection was

raised on appeal. The error is obvious, however, and it affects substantial rights. Under certain circumstances it might be possible to excise that part of the proceeding not properly before the court and sustain the revocation of the Superior Court probation. Here, however, the presiding justice inextricably tied the two motions together. He first made findings and revoked the District Court probation. He then made independent findings with regard to the Superior Court probation and stated:

> As for sentence, if the only thing Mr. Pease had done was to fall off the wagon twice, I would not incarcerate him because that doesn't seem to me—he doesn't seem to me to be too bad given the period of time we're talking about. *However he just doesn't seem to feel that he has to do anything, and that cannot be allowed.* And I'm especially bothered by the fraudulent statements, 12 claims, when he was on probation. (emphasis added)

It could be argued that in imposing sentence the justice would be entitled to consider the defendant's conduct while on probation from another court, even though there was no motion before him seeking revocation of that separate probation. It is not clear in this case, however, that the District Court allegations and the evidence adduced in support thereof did not permeate and taint the entire proceeding. 17–A M.R.S.A. § 1206 provides the substantive and procedural framework for probation revocation proceedings. The presiding justice has the usual function of the factfinder in determining whether a condition of probation has been breached. There was ample evidence that required the court's finding of a breach of the conditions of the Superior Court probation; the conviction on 12 counts of unemployment fraud was sufficient alone. However, once a breach has been established, subsections 6 and 7–A provide that the court *may* revoke probation and *may* impose part or all of the sentence suspended. Substantial discretion is grant-

---

1. In fact the District Court documents include a motion filed by counsel seeking dismissal or

"consolidation with duplicate proceedings in Superior Court."

ed the court on these two remaining levels of inquiry. In the present case in view of the court's remarks, it cannot be said that the improperly included evidence relating to violation of the District Court probation did not affect the exercise of discretion on the first of these two levels. The factual foundation for the exercise of discretion is so faulty, we cannot permit it to stand. *See* *State v. Mason,* 408 A.2d 1269, 1272 (Me. 1979).

The entry is:

Orders revoking probation vacated.

The District Court motion for revocation is remanded to Superior Court to be remanded to District Court for further proceedings consistent with the opinion herein.

The Superior Court motion for revocation is remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.