STATE of Maine

v.

Roland RAUBESON.[1]

Supreme Judicial Court of Maine.

Argued Nov. 16, 1984.

Decided March 7, 1985.

Janet T. Mills, Dist. Atty. (orally), Auburn, for plaintiff.

Marshall, Raymond & Beliveau, P.A., Paul R. Dionne (orally), Lewiston, for defendant.

Before McKUSICK, C.J., NICHOLS, ROBERTS, VIOLETTE and GLASSMAN, JJ., and WERNICK, A.R.J.

ROBERTS, Justice.

Roland Raubeson appeals from his conviction in Superior Court, Androscoggin County, of operating a motor vehicle while classified as an habitual offender, 29 M.R.S.A. § 2298 (Supp.1984). Raubeson complains that the court weakened the impact of his "competing harms" defense by summarizing the State's burden of proof at the close of jury instructions without mention of "competing harms."[2] Because we determine that the absence of any mention of the burden of proof on the defense of justification is a more serious deficiency in the court's instructions, we vacate the conviction on that basis.

Our review of the record reveals that Raubeson admitted his habitual offender status and admitted that he had operated a trailer-truck on Center Street in Auburn on October 8, 1983. The sole issue presented at trial was Raubeson's claim of justification. Raubeson and other defense witnesses testified that the defendant's brother had gotten the vehicle into a dangerous position on Center Street in the midst of heavy traffic and then abandoned it. Raubeson claimed that he backed the vehicle off Center Street to avoid a situation dangerous to motorists on the highway.

1. Confusion in the record causes us to delete Raubeson's middle initial.

2. 17–A M.R.S.A. § 103(1) (1983) provides in pertinent part:

Conduct which the actor believes to be necessary to avoid imminent physical harm to himself or another is justifiable if the desirability and urgency of avoiding such harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the crime charged.

The jury was instructed that it could "determine that the defendant's conduct was justified, that is legally accepted, in a limited circumstance." There followed an adequate explanation of the "competing harms" defense and then the jury was told that "this would come into play only if you feel that the facts justify it." At no time was the jury instructed that the State had the burden of disproving the existence of the defense beyond a reasonable doubt.[3]

■ M.R.Crim.P. 52(b) commands that we recognize obvious error affecting the defendant's substantial rights although not raised on appeal. *See, e.g., State v. Pease*, 452 A.2d 653, 654 (Me.1982) (Superior Court purported to hear District Court probation revocation); *State v. Weese*, 424 A.2d 705, 710 (Me.1981) (obvious conflict between the interests of co-defendants represented by the same attorney). In the case before us, the jury should have returned a verdict of not guilty if they entertained as a reasonable possibility the hypothesis that Raubeson's conduct was justified, according to ordinary standards of reasonableness, by the desirability and urgency of avoiding imminent physical harm to others. *See State v. Glidden*, 487 A.2d 642, 643–44 (Me.1985). The language used by the presiding justice in his instructions to the jury conveyed exactly the opposite impression, i.e., that Raubeson had to persuade them of the existence of the defense.

We recognize that the evidence provided the jury with a substantial basis for discounting or disbelieving the defense witnesses. We conclude, nevertheless, that a jury following the instruction in this case could have returned a guilty verdict even though the State had not disproved the "competing harms defense" beyond a reasonable doubt. In these circumstances, Raubeson is entitled to a new trial.

**3.** 17–A M.R.S.A. § 101(1) (1983) provides:

The State is not required to negate any facts expressly designated as a "defense," or any exception, exclusion or authorization which is set out in the statute defining the crime by proof at trial, unless the existence of the defense, exception, exclusion or authorization is in issue as a result of evidence admitted at the trial which is sufficient to raise a reasonable doubt on the issue, in which case the State must disprove its existence beyond a reasonable doubt.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.