STATE of Maine

v.

Vincent EDWARDS.

Supreme Judicial Court of Maine.

Argued March 6, 1985.

Reargued May 1, 1985.

Decided June 7, 1985.

Janet T. Mills, Dist. Atty. (orally), Auburn, for the State.

Berman, Simmons & Goldberg, P.A. by Jennifer Nichols Ferguson (orally), Paul Macri, Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant, Vincent Edwards, appeals from the judgment of the Superior Court, Androscoggin County, revoking his probation and imposing his original sentence. The defendant raises the following issues on appeal: (1) that under 34-A M.R.S.A. § 5404(3) (Pamph.1984) and 17-A M.R.S.A. § 1205(1) (1983) he was never properly under the supervision of the probation officer arresting him, (2) that under 34-A M.R.S.A. § 5404(2)(A)–(B) his probation did not commence until his discharge from prison, and (3) that under 17-A M.R.S.A. § 1203(1) (Supp.1984) his probation could be revoked only for criminal conduct for which he had been convicted. Finally, the defendant contends the court erred by revoking his probation under the authority of 17-A M.R.S.A. § 1203(1), as amended. Because we hold that the Superior Court erred in its application of the present provisions of 17-A M.R.S.A. § 1203(1) to the defendant, and vacate the judgment, we need not reach the remaining issues.

I.

On October 8, 1982, after pleading guilty to Class B aggravated assault alleged to have been committed on or about March 18, 1982, in violation of 17-A M.R.S.A. § 208 (1983), the defendant was sentenced to 4½ years, the last 2 suspended, at the Maine Correctional Center at South Windham and placed on probation for 1 year.[1] The conditions of probation required him, *inter alia,* to "refrain from criminal conduct." At his own request, the defendant was incarcerated at the Maine State Prison at Thomaston. The unsuspended portion of his prison sentence expired on September 7, 1984.

1. The judgment and commitment order provides:

It is ordered pursuant to 17-A M.R.S.A. § 1203-A that all of the last two years of the foregoing sentence be suspended and that the defendant be committed to the custody and

control of the division of probation for a term of one year upon conditions attached hereto and incorporated by reference herein. Said probation to commence upon release from the portion of the sentence which is served.

On that same day, Richard Robbins, adult probation and parole officer for Knox County and the institutional parole officer for the Maine State Prison, arrested the defendant in the prison's control room for violation of his probation. No criminal proceedings were instituted. On September 11, 1984, Robbins filed a motion to revoke probation, alleging in ten counts that between January 9, 1984, and May 19, 1984, while at the Maine State Prison, the defendant violated the condition that he refrain from criminal conduct.

At hearing, the court denied the defendant's motion to dismiss on the first three grounds set forth in the appeal. After hearing, the court by a preponderance of the evidence found the defendant guilty of nine violations,[2] including instances of destroying property, causing offensive physical contact, and threatening a crime of violence against another. The defendant's probation was revoked, and he was sentenced to the two years remaining on his original sentence.

## II.

Because the defendant on this appeal for the first time raises the inapplicability of 17–A M.R.S.A. § 1203(1), we review the judgment for obvious error. M.R.Crim.P. 52(b); *State v. Cote*, 462 A.2d 487, 488 (Me.1983). In Maine, as elsewhere, the power to grant and subsequently to revoke probation is largely a statutory matter. *See United States v. Colvin*, 644 F.2d 703, 705 (8th Cir.1981); *State v. Allen*, 235 A.2d 529, 530 (Me.1967); *see also State v. Brydon*, 454 A.2d 1385, 1387 (Me.1983); *State v. Pease*, 452 A.2d 653, 654 (Me.1982). Accordingly, this appeal turns on whether statutory authority existed at the time of the defendant's sentencing to subject him to revocation of probation for any criminal conduct committed during the initial period of his imprisonment.

The defendant was sentenced on October 8, 1982, pursuant to a statute which at that time provided:

The court, at the time of imposing a term of imprisonment for 4 years or more for a Class A or Class B crime, may suspend any portion of the last 2 years with probation. The term of probation shall not exceed one year and shall commence on release from the unsuspended term of imprisonment. The total of the unsuspended term of imprisonment and the suspended term of imprisonment shall not exceed the maximum term authorized for the crime.

17–A M.R.S.A. § 1203–A (1983), *repealed by* P.L.1983, ch. 268, § 3. The statute explicitly provided that probation shall commence on release from the unsuspended term of imprisonment. It did not provide for revocation of probation for criminal conduct committed during the initial period of incarceration.

The Superior Court granted the State's motion to revoke probation, pursuant to 17–A M.R.S.A. § 1203(1), as amended. The statute at present provides:

1. The court may sentence a person to a term of imprisonment, not to exceed the maximum term authorized for the crime, an initial portion of which shall be served and the remainder of which shall be suspended. As to both the initial unsuspended portion and the suspended portion, the sentence of the court shall specify the place of imprisonment if that place is to be a county jail, otherwise the court shall commit the person to the Department of Corrections. The period of probation shall commence on the date the person is released from his initial unsuspended portion of the term of imprisonment, unless the court orders that it shall commence on an earlier date. If the period of probation is to commence upon release from the initial unsuspended portion of the term of imprisonment, the court may nonetheless revoke probation

---

2. The defendant's oral motion for a directed verdict as to Count One was granted after the State advised the court it did not intend to pursue the charges contained in that count.

 

for any criminal conduct committed during that initial period of imprisonment.

2. Repealed. 1983, c. 268, § 2.

2-A. In any prosecution for a crime committed prior to September 23, 1983, the court may, with the consent of the defendant, impose sentence under subsection 1.

17-A M.R.S.A. § 1203 (Supp.1984).[3] Subject to the limitations imposed by subsection 2-A, the present statute authorizes a revocation proceeding against an inmate for criminal conduct committed during the initial period of his imprisonment. We hold, however, that the terms of the present statute, which became effective after the defendant's plea to and sentencing for a crime committed prior to September 23, 1983, was not intended to authorize the court to revoke his probation for criminal conduct committed during the initial period of his imprisonment.

Accordingly, the court's revocation of the defendant's parole on the authority of 17-A M.R.S.A. § 1203(1), as amended, is obvious error and cannot be sustained.

The entry is:

Judgment vacated; remanded to the Superior Court for entry of judgment dismissing the State's motion to revoke probation.

All concurring.

**3.** Section 1203 had previously provided that the court could revoke probation for any criminal conduct committed during the initial period of imprisonment when the initial unsuspended portion of the term of imprisonment did not exceed 120 days. This section 1203, prior to its amendment, did not authorize a sentence such as that given the defendant.