### STATE of Maine

### v.

### Jon COLLINS and Stephen Plourde.

Supreme Judicial Court of Maine.

Argued June 15, 1988.

Decided July 20, 1988.

R. Christine Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Norman S. Heitmann, III (orally), Gilbert & Heitmann, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

GLASSMAN, Justice.

The co-defendants, Jon Collins and Stephen Plourde, appeal from a judgment entered by the Superior Court, Penobscot County, on a jury verdict finding them guilty of criminal trespass, 17–A M.R.S.A. § 402 (1983).[1] Collins and Plourde contend that the evidence was insufficient to support the jury's verdict and that the trial justice committed reversible error by refusing to instruct the jury as to the competing harms defense. We conclude that as to both Collins and Plourde the evidence was sufficient to support the jury's verdict. We also determine that Collins has failed to establish, on the record before us, that he was entitled to an instruction on the competing harms defense. We therefore af-

---

**1.** 17–A M.R.S.A. § 402 provides in pertinent part:

    1. A person is guilty of criminal trespass if, knowing that he is not licensed or privileged to do so:

        A. He enters any dwelling place;
        B. He enters any structure that is locked or barred; ...

firm his conviction. With respect to Plourde, however, we find that the trial court improperly denied his request for a competing harms instruction and vacate his conviction.

## I. Background

At approximately 4:00 a.m. on December 26, 1986, Plourde, Collins and two companions, Douglas Bulley and Desi Austin, went to the apartment of Ludgie Clark for the purpose of asking Ludgie's brother, Stephen Clark, to stop making harassing phone calls to their apartment. When the occupants of the apartment failed to respond to a knock on the door, Collins and Plourde turned to leave. At the same time, Bulley ran past the defendants and either he or Austin proceeded to force open the apartment door. Austin and Bulley then entered the apartment and Austin began to punch Nelson Peavey, a cousin of Ludgie's, who was visiting for the evening. Plourde continued to walk away from the apartment. Collins, however, entered the apartment; as he did so, he saw Peavey flee into the bathroom. Collins, who was aware as he walked through the apartment that Bulley and Austin were hitting the occupants, made no attempt to restrain his companions. He eventually entered the bathroom where he saw Peavey standing in the shower. When he realized that Peavey was upset, Collins told him that he was not going to hurt him and that Peavey should remain in the bathroom. At that point, there was a loud crash from the adjoining room.

Plourde, who was still in the hallway, ran back to the apartment. Plourde looked into the apartment and saw Bulley pummeling Stephen Clark. He then entered the apartment, yelled at Bulley to stop and grabbed his arm. At the same time, Collins came out of the bathroom and grabbed Bulley around the waist. Plourde and Collins pulled Bulley away from Clark and forced him out of the apartment. Austin then joined them in the hallway and the four left the Clark apartment.

## II. Sufficiency of the Evidence

■ At the close of all the State's evidence, Collins and Plourde made a motion for judgment of acquittal on the ground that the evidence was insufficient to support a conviction. After the trial court denied the motion, the defendants proceeded to present testimony on their own behalf. When a defendant's motion for judgment of acquittal made at the close of the State's evidence is denied and he chooses to go forward with the presentation of evidence on his own behalf, we review the entire record to determine if there is sufficient evidence to support a verdict of guilty. *State v. Landry*, 428 A.2d 1204, 1207 (Me.1981). After reviewing the totality of the evidence in the light most favorable to the State, we hold that it is sufficient for the jury rationally to have found beyond a reasonable doubt every element of the crime with which the defendants were charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

## III. Competing Harms Defense

Prior to the case being submitted to the jury, Collins and Plourde requested that the trial court instruct the jury on the competing harms defense. The statute dealing with competing harms provides in pertinent part:

Conduct which the actor believes to be necessary to avoid imminent physical harm to himself or another is justifiable if the desirability and urgency of avoiding such harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the crime charged.

17–A M.R.S.A. § 103 (1983).

■ In this case, Collins has failed to demonstrate, on the record before us, that his unlawful entry into the apartment was for the purpose of preventing a greater harm. According to his own testimony, at the time of his entry into the Clark apartment Collins was not immediately concerned by the fact that his companions were pummeling the Clarks. On the contrary, it was not until he determined that the Clarks had "had enough" that he made any attempt to stop the altercation. We conclude that the evidence relating to Collins' entry into the Clark apartment did not

generate an issue as to whether Collins had believed it to be necessary to enter the apartment unlawfully to avoid imminent physical harm to another. Accordingly, the trial court properly refused Collins' request to instruct the jury on the competing harms defense. *See State v. Thompson*, 370 A.2d 650, 654 (Me.1977) (in order to be entitled to requested instruction, record must contain evidence to generate that issue for jury's consideration).

■ With respect to Plourde, the evidence suggests that he entered the apartment to stop Bulley from beating Stephen Clark. We find that, applying ordinary standards of reasonableness, a jury could rationally conclude that his conduct was justified "by the desirability and urgency of avoiding imminent physical harm to others." *State v. Raubeson*, 488 A.2d 1379, 1380 (Me.1985). It was, therefore, error for the trial court to refuse Plourde's request that the jury be instructed as to the competing harms defense.

The entry is:

Judgment affirmed with respect to defendant Jon Collins.

Judgment vacated with respect to Stephen Plourde. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.