STATE of Maine

v.

David E. LORD.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 17, 1992.
Decided Nov. 12, 1992.

Gregg Dorr, Asst. Dist. Atty., Bath, for the State.

Nathaniel D. Hussey, Brunswick, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

David Lord was convicted of terrorizing, 17–A M.R.S.A. § 210 (1983), after a jury trial in the Superior Court (Sagadahoc County, *Perkins, J.*). Lord appeals from that judgment, claiming that the court erred by not instructing the jury on justification and that the evidence was insufficient to support the verdict. We conclude that the evidence was sufficient, but that the trial court committed reversible error by failing to instruct the jury on justification. Accordingly, we vacate the judgment.

I.

Lord had an ongoing dispute with his neighbor over the property line between their two houses. Throughout 1990 and 1991, Lord engaged in activity to keep the neighboring family from crossing what Lord claimed was the property line. On one occasion, the neighbor called the police because his children said that Lord had been yelling at them for stepping onto his property.

On another occasion, the neighbor again called the police, stating that Lord threatened to "throw [the neighbor's] children over the fence" if they entered his property again. Finally, in April 1991 Lord approached his neighbor and explained that he could use deadly force to keep the neighbors off his property and that the neighbor's children were the ones that were going to get hurt. Although the neighbor disputed that Lord had such a right, Lord stated that he had read the law and that he could use deadly force.

A few days later, Lord and his neighbor again had a verbal encounter. Lord claimed that he would use deadly force against the neighbors if they entered his property. They argued about whether Lord legally could use such force. When

the neighbor told Lord not to threaten him, Lord responded that it was not a threat. On the neighbor's complaint, Lord was charged with terrorizing.

## II.

During the trial, Lord presented to the court a proposed jury instruction on justification. The court refused to so instruct the jury. Lord claims that the jury should have been instructed on justification because the jury could have found that although he committed the acts prohibited by the terrorizing statute, he was justified in doing so to protect his property. Justification was an integral part of Lord's defense. Lord claimed that by threatening his neighbor with deadly force, he committed non-deadly force and thus was entitled to an instruction on justification. We agree.

 Lord was "justified in using non-deadly force upon [his neighbor] when and to the extent that he reasonably believe[d] it necessary to prevent or terminate the commission of a criminal trespass." 17–A M.R.S.A. § 104(1) (1983). Nondeadly force is defined as "any physical force which is not deadly force." 17–A M.R.S.A. § 2(18). A threat to use deadly force is the equivalent of nondeadly force. *State v. Williams,* 433 A.2d 765, 768–70 (Me.1981). If instructed on the defense of justification, the jury could have considered the possibility that Lord reasonably believed that the "threats" were necessary to prevent a criminal trespass by his neighbor on his property. By not instructing the jury on justification, the trial court foreclosed the possibility that the jury may have entertained a reasonable doubt whether Lord's conduct was justified. Thus, the failure to instruct was error. *See State v. Raubeson,* 488 A.2d 1379 (Me.1985).

Finally, we reject Lord's contention that the evidence was insufficient to support a guilty verdict for terrorizing beyond a reasonable doubt.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.