1997 ME 44

**STATE of Maine**

v.

**Alan FINNEMORE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1997.

Decided March 13, 1997.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Karen A. Dostaler, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

[¶1] Alan Finnemore appeals from the judgment of conviction entered in the Superior Court (Cumberland County, *Fritzsche, J.*) on a jury verdict finding him guilty on one count of theft by unauthorized taking or transfer (Class E) in violation of 17–A M.R.S.A. § 353 (1983). Finnemore argues the evidence was insufficient to support his conviction. We affirm the judgment.

[¶2] At 11 p.m. on November 16, 1991, Judith Cossar looked out the window of her place of employment and saw a man in the back seat of her car attempting to start a small fire with some papers and other items. Along with two co-workers, Cossar attempted to stop the man, and subsequently chased him through the neighborhood. While they failed to apprehend him, they gave a description of him to the police. Shortly thereafter, the police spotted a man in the neighborhood, Alan Finnemore, who met the description. Finnemore ran and the police eventually caught him. In Finnemore's pocket was Cossar's prescription medicine bottle with her name on it, which had been taken from her car.

[¶3] In addition to the charge of theft by unauthorized taking or transfer, Finnemore was charged with arson (Class A) in violation of 17–A M.R.S.A. § 802(1)(A) (1983), burglary of a motor vehicle (Class C) in violation of 17–A M.R.S.A. § 405 (Supp.1996), and criminal mischief (Class E) in violation of 17–A M.R.S.A. § 806(1) (1983 & Supp.1996). Finnemore was tried and the jury found him guilty of theft of the prescription bottle, but acquitted him of the other three charges.

[¶4] Finnemore now challenges the conviction, arguing that in light of the acquittals on the other charges, which stem from the same underlying incident, the evidence must have been insufficient to support a finding of guilt on the theft charge. When examining whether a finding of guilt was based on sufficient evidence, we review the evidence in the light most favorable to the State to determine whether a trier of fact rationally could find beyond a reasonable doubt every element of the offense charged. *State v. Marden*, 673 A.2d 1304, 1311 (Me.1996.)

[¶5] Finnemore's contention is based on two erroneous assumptions. First, he argues the State cannot rely on 17–A M.R.S.A. § 361(2) (1983) that establishes a presumption that a person in exclusive possession of recently stolen property is guilty of theft. He supports this position by pointing out, correctly, that the court's instructions to the jury did not mention section 361(2) or the permissible inference the jury could draw therefrom. When a challenge is made, however, to the sufficiency of the evidence to support a conviction, we review that evidence in the abstract, without regard to the nature or quality of the jury instructions. This is so because an argument that the evidence was insufficient, which seeks as a remedy a judgment of acquittal, necessarily moots any inquiry into the jury instructions, for the inadequacy of which the remedy is merely a new trial.

[¶6] Second, Finnemore contends the jury verdict of guilty on the theft charge is inconsistent with the not guilty verdicts on the first three counts and, therefore, erroneous. We disagree. Although our prior cases contain inconsistent statements concerning the consequence of inconsistent verdicts, we have never reversed a conviction on that ground. In *State v. Upton*, 362 A.2d 738, 739 (Me.1976), we stated that we need not decide the question concerning inconsistent verdicts because the evidence supported the disparate result. In *State v. DiPietro*, 420 A.2d 1233 (Me.1980), we stated, "Mere inconsistency between guilty and not guilty verdicts on separate counts of a single indictment will not render the guilty verdict erroneous." *Id.* at 1237 (citing *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932) and *Commonwealth v. Scott*, 355 Mass. 471, 245 N.E.2d 415 (1969)). Later, in *State v. Engstrom*, 453 A.2d 1170 (Me.1982), we stated in dictum that "Inconsistent verdicts require reversal only if they are incapable of logical reconciliation." *Id.* at 1174 (citing *Upton* and *DiPietro*). Later still, in *State v. Snow*, 513 A.2d 274 (Me.1986), we stated that the dictum in *Engstrom* should have read: "Logically reconcilable verdicts are not inconsistent and therefore do not require reversal." *Id.* at 277.

[¶ 7] Today, we follow the reasoning of Justice Holmes in *Dunn*. There the United States Supreme Court stated, "Consistency in the verdict is not necessary." *Dunn*, 284 U.S. at 393, 52 S.Ct. at 190. The Court added, "[T]he verdict may have been the result of compromise, or of a mistake on the part of the jury.... But verdicts cannot be upset by speculation or inquiry into such matters." *Id.* at 394, 52 S.Ct. at 191.

[¶ 8] More recently, the Court reaffirmed the vitality of its decision in *Dunn*. In *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), the Court reversed a decision of the Ninth Circuit Court of Appeals, *United States v. Powell*, 708 F.2d 455 (9th Cir.1983). The Court noted that one of the bases for the opinion in *Dunn* no longer had currency, namely, that "[i]f separate indictments had been presented against the defendant ... and had been separately tried ... an acquittal on one could not be pleaded as *res judicata* of the other." *Powell*, 469 U.S. at 64, 105 S.Ct. at 476 (citing *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). Notwithstanding that this element of *Dunn* could "no longer be accepted," the Court found that "the *Dunn* rule rests on a sound rationale that is independent of its theories of *res judicata*, and that it therefore survives an attack based upon its presently erroneous reliance on such theories." *Id.* The Court itemized a number of factors embodied in the *Dunn* rule. First, inconsistent verdicts should not be interpreted as a windfall to the prosecution because the jury may have properly reached its guilty verdict, "and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion...." *Id.* at 65, 105 S.Ct. at 476. Of course, the prosecution has no recourse to correct the jury's error under such circumstances and, therefore, the verdicts present a situation where " 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored." *Id.* Second, any attempt to separate a verdict that may be the product of an error that worked against one of the parties would be based on pure speculation or would involve inappropriate inquiry into the jury's deliberations. *Id.* at 66, 105 S.Ct. at 477.

Third, a criminal defendant is already protected against jury irrationality or error by independent review of the sufficiency of the evidence by the trial and appellate courts. *Id.* at 67, 105 S.Ct. at 477–78. The Court concluded there was no reason to vacate the conviction "merely because the verdicts cannot rationally be reconciled." *Id.* at 69, 105 S.Ct. at 479. Because Powell received the benefit of the acquittals, the Court concluded it was neither irrational nor illogical to require her to accept the burden of the convictions. *Id.* The rule in *Dunn*, the Court stated, had stood without exception for 53 years and should remain that way.

[¶ 9] We agree with the reasoning of the Court in *Powell*. Mere inconsistency between guilty and not guilty verdicts on separate counts of a single indictment will not render the guilty verdict invalid. In the case at bar, the evidence was sufficient to support a finding that Finnemore was guilty of theft. *See Marden*, 673 A.2d at 1311. We will not speculate as to why the jury elected to acquit Finnemore of the other charges, nor will we vacate his conviction on that basis.

The entry is:

Judgment affirmed.