2007 ME 30

**STATE of Maine**

v.

**Jeffrey A. CANNELL.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 16, 2006.

Decided: Feb. 20, 2007.

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Attorney, Portland, for State.

Mary A. Davis, Tisdale & Davis, P.A., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Jeffrey A. Cannell appeals from a judgment of conviction for the threatening display of a weapon (Class D), 25 M.R.S.A. § 2001 (1988),[1] and criminal threatening with a dangerous weapon (Class C), 17–A M.R.S. §§ 209(1), 1252(4) (2006), entered in the Superior Court (Cumberland Coun-ty, *Cole, J.*) following a jury-waived trial. Because we agree with Cannell's contention that the court failed to properly evaluate his asserted defense of justification for his use of physical force, we vacate the judgment.

## I. BACKGROUND

[¶ 2] Viewing the evidence in the light most favorable to the State, *see State v. Bouchard*, 2005 ME 106, ¶ 10, 881 A.2d 1130, 1134, the following facts are supported in the record. Cannell and Timothy Watters are neighbors in Standish. On the afternoon of June 13, 2004, Watters was hosting an outdoor birthday party for his young granddaughter. Twenty to twenty-five guests were at the party, including friends and family ranging in age from infants to adults. During the party, Watters discovered that Cannell had thrown a dead chipmunk over the fence into Watters's yard. Watters approached Cannell and the two began arguing. Cannell then ran inside his house and came out moments later holding a rifle. Cannell stood approximately twenty feet from Watters, holding the gun in a horizontal position toward Watters's yard and the people in it, and stated, "I will shoot." One witness heard the gun make a clicking noise, and the gun was later discovered to be loaded. Watters felt that his and his guests' lives were in danger. Although Watters's son-in-law did attempt to go onto Cannell's property, neither Watters nor any of his guests ever actually entered Cannell's property.

[¶ 3] Cannell was charged with the threatening display of a weapon (Class D), 25 M.R.S.A. § 2001, and criminal threatening with a dangerous weapon (Class C),

---

1. Section 2001 has since been repealed and replaced by 25 M.R.S. § 2001–A (2006). P.L. 2003, ch. 452, § N–1 (effective July 1, 2004).

17–A M.R.S. §§ 209(1), 1252(4). During his jury-waived trial, Cannell testified that he felt he needed to display the gun because Watters and his family verbally threatened him on the day in question and in the past, because he believed Watters and Watters's "boys" would enter his property, and because he feared for his life. These beliefs, Cannell argued, sufficiently justified his actions in defense of both his person as well as his property. The court evaluated Cannell's justification defense as if it were justification for the use of deadly force, and determined that the evidence did not generate the defense. The court found Cannell guilty of both counts, and sentenced him to eighteen months incarceration, with all but thirty days suspended, and two years probation for the criminal threatening offense, and thirty days incarceration to be served concurrently for the threatening display of a dangerous weapon offense. Cannell filed this appeal.

## II. DISCUSSION

[¶ 4] Among the statutory provisions detailing the various defenses to criminal acts are those justifying the use of both deadly and nondeadly physical force. 17–A M.R.S. §§ 101–110 (2006). Deadly force, defined as "physical force which a person uses with the intent of causing, or which he knows to create a substantial risk of causing, death or serious bodily injury," is justified in defense of a person when: (1) the actor "reasonably believes it necessary and reasonably believes [another] person is . . . [a]bout to use unlawful, deadly force against [him] or a 3rd person" or is about to commit or is committing a kidnapping or robbery; or (2) the actor "reasonably believes" that another person has, without authorization, entered or is attempting to enter or remain in a dwelling place, and that deadly force is necessary to protect himself or a third person present in the dwelling from bodily injury.

17–A M.R.S. §§ 2(8), 108(2) (2006). The use of deadly force is also justified by a person in possession or control of a premises in defense of that property when reasonably necessary to prevent or terminate a criminal trespass, if the actor reasonably believes someone "[h]as entered or is attempting to enter the dwelling place or has surreptitiously remained within the dwelling place without a license or privilege to do so," or "[i]s committing or is likely to commit some other crime within the dwelling place." 17–A M.R.S. § 104(3).

[¶ 5] Nondeadly force is defined as "any physical force which is not deadly force," and can be used in defense of a person "in order to defend himself or a 3rd person from what he reasonably believes to be the imminent use of unlawful, nondeadly force by [another] person." 17–A M.R.S. §§ 2(18), 108(1) (2006). The use of nondeadly force is also justified in defense of property when "necessary to prevent or terminate the commission of a criminal trespass." 17–A M.R.S. § 104(1).

[¶ 6] Cannell contends that he did not use deadly force, and that the court therefore erred in evaluating his justification defense as if he had used deadly force. He asserts that the way he used the weapon does not constitute deadly force, but rather only nondeadly force. The court's application of statutory justification provisions is an issue of law that we review de novo. *McGowan v. State*, 2006 ME 16, ¶ 14, 894 A.2d 493, 497–98. Cannell failed to raise the issue of the court's consideration of deadly rather than nondeadly force in evaluating Cannell's justification defense at his trial, however, and we therefore review Cannell's argument only for "obvious errors or defects affecting substantial rights." *See* M.R.Crim. P. 52(b). Obvious error is error that is "so highly prejudicial and so taints the proceedings

as to virtually deprive the defendant of a fair trial." *State v. Kirk*, 2005 ME 60, ¶ 3, 873 A.2d 350, 351 (quotation marks omitted).

[¶ 7] Since 1981, we have unequivocally held that using a gun in a threatening manner without discharging the weapon constitutes nondeadly force only, and does not amount to the use of deadly force. *State v. Glassman*, 2001 ME 91, ¶ 11, 772 A.2d 863, 866; *State v. Lord*, 617 A.2d 536, 537 (Me.1992); *State v. Gilbert*, 473 A.2d 1273, 1276 (Me.1984); *State v. Williams*, 433 A.2d 765, 768–69 (Me.1981). In doing so, we have reasoned:

> Obviously, the *threat* of firing a gun in the direction of another person without actually doing so cannot be equated with the actual *discharge* of that weapon. There exists a critical difference in the causative character of the actual *discharge* of a pistol and an act, such as loading the pistol or pointing it, in a threatening manner, which is merely preparatory to its discharge.

*Williams*, 433 A.2d at 769.

[¶ 8] In this case there is no evidence that Cannell ever discharged his weapon. All that Cannell did is threaten to discharge the weapon. Because such threats to use deadly force do not constitute deadly force, the court erred in evaluating Cannell's justification defense as if Cannell had actually used deadly force, rather than nondeadly force.

[¶ 9] Because there was no physical force used against Cannell creating a substantial risk of death or serious bodily injury, and there was no entry into, nor any threat of entry into Cannell's dwelling, as opposed to his property, the trial court did not err in concluding that there was no justification for Cannell to use deadly force in the circumstances. *See* 17–A M.R.S. § 108(2).

[¶ 10] Cannell, however, did not use deadly force, and he testified that he was fearful that Watters and his "boys" would trespass on his property and harm him. Accordingly, the defense of justification for his use of nondeadly force was generated. *See* 17–A M.R.S. §§ 104(3), 108(1). Because the defense was generated, the State had the burden to negate the justification defense beyond a reasonable doubt. *See State v. Smith*, 472 A.2d 948, 951 (Me.1984). Cannell's testimony, if credited by the court, could lead to Cannell's acquittal. The court's error in evaluating the evidence to determine if Cannell was justified in using deadly force, as opposed to nondeadly force, is therefore both obvious and not harmless. *See* M.R.Crim. P. 52(a), (b). We therefore vacate the conviction and remand the matter to the Superior Court for application of the nondeadly force defense to the facts already before the court.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.