2011 ME 98

**STATE of Maine**

v.

**Ryan J. PRESTON.**

Supreme Judicial Court of Maine.

Argued: Jan. 11, 2011.

Decided: Aug. 30, 2011.

Kristine C. Hanly, Esq., Robert J. Ruffner, Esq. (orally), Law Office of Robert J. Ruffner, Portland, ME, for Ryan J. Preston.

Stephanie Anderson, District Attorney, Darcy Mitchell, Student Intern (orally), William J. Barry, Asst. Dist. Atty., Portland, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

MEAD, J.

[¶ 1] Ryan J. Preston appeals from a judgment entered on the Unified Criminal Docket (Cumberland County, *Cole, J.*) following a jury verdict finding him guilty of one count of criminal threatening with a dangerous weapon (Class C), 17–A M.R.S. §§ 209(1), 1252(4) (2010).[1] Preston argues that the statutory provisions defining deadly force[2] and discussing defense of

1. The jury found Preston not guilty of one count of reckless conduct with a dangerous weapon (Class C), 17–A M.R.S. §§ 211(1), 1252(4) (2010).

2. "Deadly force" is defined by statute as:

[P]hysical force that a person uses with the intent of causing, or that a person knows to create a substantial risk of causing, death or serious bodily injury. Except as provided in section 101, subsection 5, intentionally, knowingly or recklessly discharging a

premises [3] are unconstitutionally vague, and that the court did not adequately instruct the jury on the charge of criminal threatening with a dangerous weapon. Finding no error, we affirm.

## I. BACKGROUND

[¶ 2] We view the facts in the light most favorable to the State and determine that the jury could have found the following facts beyond a reasonable doubt. *See State v. Bruzzese*, 2009 ME 61, ¶ 2, 974 A.2d 311, 311–12. On the afternoon of September 14, 2009, Preston confronted the victim as the victim walked along a power line trail in Harrison near Preston's trailer. Preston told him several times to turn around and leave, using strong language. The victim had not seen any "No Trespassing" signs and intended to follow the shortcut to a main road, so he continued walking despite Preston's demand that he reverse his course. Preston yelled at the victim that he would shoot him if he did not turn around. Although Preston displayed no firearm at the time of the threat, the victim was uncertain of his intentions. When Preston moved toward

his trailer, the victim took flight and ran into the nearby woods.

[¶ 3] Preston exited the trailer with a gun and began shooting. The victim did not see the gun because he was running, but he testified that he was extremely frightened. As he was fleeing, he noticed tree limbs falling around him, but he was not injured. Preston's girlfriend was nearby and also heard the gunshots. She did not see Preston shooting because she had walked away when he took the gun from the trailer. The victim counted four bursts of four shots each, and Preston's girlfriend also heard multiple shots. Preston later admitted to a detective that he had been firing an AK–47 assault rifle.

[¶ 4] Preston was charged with reckless conduct with a dangerous weapon, 17–A M.R.S. §§ 211(1),[4] 1252(4)[5] (2010), and criminal threatening with a dangerous weapon, 17–A M.R.S. §§ 209(1),[6] 1252(4). At trial, Preston's girlfriend testified that Preston shot at the victim because the victim was "known as a thief," and Preston had tools and marijuana plants that the victim might steal. Preston told a detec-

---

firearm in the direction of another person or at a moving vehicle constitutes deadly force.
17–A M.R.S. § 2(8) (2010).

3. The statute provides:
A person in possession or control of premises or a person who is licensed or privileged to be thereon is justified in using nondeadly force upon another person when and to the extent that the person reasonably believes it necessary to prevent or terminate the commission of a criminal trespass by such other person in or upon such premises.
17–A M.R.S. § 104(1) (2010).

4. The relevant statutory section provides: "A person is guilty of reckless conduct if he recklessly creates a substantial risk of serious bodily injury to another person." 17–A M.R.S. § 211(1).

5. The relevant statutory section provides:

If the State pleads and proves that a Class B, C, D or E crime was committed with the use of a dangerous weapon then the sentencing class for such crime is one class higher than it would otherwise be.... This subsection does not apply to a violation or an attempted violation of section 208, to any other offenses to which use of a dangerous weapon serves as an element or to any offense for which the sentencing class is otherwise increased because the actor or an accomplice to that actor's or accomplice's knowledge is armed with a firearm or other dangerous weapon.
17–A M.R.S. § 1252(4).

6. The relevant statutory section provides: "A person is guilty of criminal threatening if he intentionally or knowingly places another person in fear of imminent bodily injury." 17–A M.R.S. § 209(1) (2010).

tive that the victim was the type of person that he did not want on his property. He stated that he was trying to scare the victim, not kill him, so he fired into a woodpile instead of directly at the victim. The police investigation of the area did not corroborate Preston's assertion that he fired into a woodpile. At the close of the State's evidence at trial, Preston moved for a judgment of acquittal on the ground that no reasonable jury could find him guilty beyond a reasonable doubt. The court denied his motion. The only evidence that Preston introduced in the defense case was a map of the area.

[¶ 5] The court instructed the jury that Preston had a right to use nondeadly force to defend his premises, and that if the jury found that Preston acted using nondeadly force with regard to either or both of the charges, then the burden would be on the State to prove beyond a reasonable doubt that Preston did not act in defense of his premises. The court defined deadly force to include "discharging a firearm in the direction of another person." Neither Preston nor the State made any objections or requests for changes to the jury instructions.

[¶ 6] After the jury found Preston guilty of criminal threatening with a dangerous weapon and not guilty of reckless conduct with a dangerous weapon, he filed a motion for a new trial, which the court denied. Arguing for a new trial, Preston stated that the primary issue in dispute was the direction in which he fired the gun. Although Preston agrees that he should have objected to the jury instructions, he now asserts that they were erroneous and misleading, and that the two verdicts were evidence of juror confusion. The court sentenced Preston to two years

of imprisonment, all but ninety days suspended, two years of probation, and a $500 fine.

## II. DISCUSSION

### A. Definition of Deadly Force

■ [¶ 7] Preston argues that the definitions of deadly force and defense of premises are unconstitutionally vague, because the "in the direction of another person" element of the definition of deadly force is impermissibly ambiguous.[7] Preston did not raise this issue at trial, so we review it for obvious error. *See* M.R.Crim. P. 52(b); *State v. Burdick*, 2001 ME 143, ¶¶ 29, 30, 782 A.2d 319, 328.

■ [¶ 8] A statute should "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *State v. McLaughlin*, 2002 ME 55, ¶ 9, 794 A.2d 69, 72 (quotation marks omitted). When confronted with a vagueness challenge to a statute, we will test the statute in the circumstances of the particular case, and we will consider "whether the statutory language was sufficiently clear to give the defendant adequate notice that his conduct was proscribed." *State v. Aboda*, 2010 ME 125, ¶ 15, 8 A.3d 719, 724. "[N]ot every ambiguity, uncertainty or imprecision of language in a statutory pattern rises to the level of being unconstitutionally void for vagueness." *Id.* ¶ 9, 8 A.3d at 722 (quotation marks omitted).

[¶ 9] Deadly force is "physical force that a person uses with the intent of causing, or that a person knows to create a substantial risk of causing, death or seri-

---

7. Because Preston would be permitted to use nondeadly force in defense of premises, 17–A M.R.S. § 104(1), he argues that the infirmity in the definition of deadly force affects the application of the defense of premises justification to his situation.

ous bodily injury." 17–A M.R.S. § 2(8) (2010). Further, "intentionally, knowingly or recklessly discharging a firearm in the direction of another person ... constitutes deadly force." *Id.* The court instructed the jury that "discharging a firearm in the direction of another person" constitutes deadly force and instructed the jury on defense of premises using language nearly identical to the statutory language. *See State v. Martin,* 2007 ME 23, ¶ 6, 916 A.2d 961, 964 (stating that a court does not need to "confine its instructions to the exact language of the criminal code" (quotation marks omitted)).

[¶ 10] Preston told a detective that he fired into a woodpile in the direction of the power line where he had seen the victim walking. The deadly force definition is not vague or unclear when applied to the facts in this case. *See State v. Witham,* 2005 ME 79, ¶ 11, 876 A.2d 40, 43 (stating that a court considers a challenged statutory definition in the factual context of the particular case).

[¶ 11] Preston also argues that the jury verdicts—not guilty on the charge of reckless conduct with a dangerous weapon and guilty on the charge of criminal threatening with a dangerous weapon—are inconsistent and illustrate the problem with the definitions and the resulting injustice to him. We do not agree that the verdicts cannot be logically reconciled; we thus reject Preston's assertions that they are inconsistent.[8] *State v. Finnemore,* 1997 ME 44, ¶ 6, 7, 690 A.2d 979, 980–81.

## B. Jury Instructions

[¶ 12] Preston argues that the court did not adequately instruct the jury on the following points of law with regard to the charge of criminal threatening with a dangerous weapon: (1) the definition of "deadly force"; (2) the definition of "use of a dangerous weapon"; and (3) the lesser-included offense of criminal threatening. Because Preston did not object to the jury instructions at trial, we will vacate the jury's verdict only if an alleged instructional error constitutes obvious error. *See Burdick,* 2001 ME 143, ¶¶ 29, 30, 782 A.2d at 328.

[¶ 13] Preston first argues that the court should have instructed the jury that deadly force does not include the threat of deadly force. *See State v. Lord,* 617 A.2d 536, 537 (Me.1992) (holding that threatening another with deadly force constitutes nondeadly force). However, in cases where we have distinguished the threat of deadly force from actual deadly force, the defendant merely pointed a gun in the direction of another person, but did not fire. *See, e.g., State v. Williams,* 433 A.2d 765, 769 (Me.1981) ("Obviously, the *threat* of firing a gun in the direction of another person without actually doing so cannot be equated with the actual *discharge* of that weapon."). Here, Preston did not just brandish the rifle; he actually fired it.

[¶ 14] The court in its jury instructions limited the use of a firearm as deadly force to those situations where it is fired in the direction of another person. Further, the

---

8. It is sufficient to note that a person can discharge a firearm in the direction of another person without actually creating a risk of serious bodily injury to that person, an element of reckless conduct, 17–A M.R.S. § 211(1), but the conduct may still place the person in fear of imminent bodily injury, an element of criminal threatening, 17–A M.R.S. § 209(1). *See State v. Thompson,* 503 A.2d 228, 232–33 (Me.1986) (the "gravamen" of the crime of criminal threatening "is the intentional placing of a person in fear of imminent bodily injury"). Further, we have not held that apparently inconsistent verdicts require reversal. *See State v. Finnemore,* 1997 ME 44, ¶¶ 6, 7, 690 A.2d 979, 980–81.

court did instruct the jury on Preston's justification defense, which indicates that the court accepted that Preston's asserted use of the gun in this case might not have constituted deadly force. *See State v. Cannell,* 2007 ME 30, ¶¶ 6–8, 916 A.2d 231, 233–34 (finding obvious error when the court did not instruct the jury on a justification defense when defendant used his gun in a threatening manner without discharging it). In the context of the facts of this case, the omission of an instruction that the threat of deadly force does not constitute deadly force was not error, obvious or otherwise.

■ [¶ 15] Preston next argues that the court erred by not defining "with the use of a dangerous weapon" in its instruction on the criminal threatening charge. The court did define this phrase with regard to the reckless conduct charge. Because we review the jury instructions "as a whole to ensure that they informed the jury correctly and fairly in all necessary respects of the governing law," *State v. Day,* 1999 ME 29, ¶ 8, 724 A.2d 1245, 1247 (quotation marks omitted), we find that it is unlikely that the jury was confused on this issue, *see State v. Child,* 1999 ME 198, ¶¶ 10–11, 743 A.2d 230, 232–33 (finding that even though the instruction on one element of the crime was erroneous, it was not obvious error, because the court accurately set forth the element on four separate occasions in its instructions). The court's omission of an element in the instruction on one charge that it included in the instruction on another charge does not constitute obvious error.

■ [¶ 16] Preston's last argument is that the court erred by not instructing the jury on the lesser-included offense of criminal threatening. Because neither the State nor Preston requested an instruction on the lesser-included offense, the inclusion of such an instruction was at the court's discretion. 17–A M.R.S. § 13–A(1) (2010). We have previously held that, in a case where a defendant admitted to holding a knife as he ordered the victim to exit the room, it would be irrational for the jury to conclude that the knife had not been "instrumental in conveying and emphasizing" the threat. *State v. Bennett,* 416 A.2d 720, 726 (Me.1980). Similarly, where Preston yelled at the victim that he would shoot him if he did not leave before he got his gun, it would not be rational to conclude that the victim was scared by Preston's threat, but not by Preston actually shooting in his direction. Accordingly, the court did not abuse its discretion by not including instructions on the lesser-included offense of criminal threatening in its charge to the jury.

## III. CONCLUSION

[¶ 17] In summary, we conclude that the definition of deadly force is not unconstitutionally vague as it interacts with the definition of defense of premises in this case, and the court's jury instructions did not constitute obvious error.

The entry is:

Judgment affirmed.