MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 120
Docket:        Pen-16-359
Submitted
  On Briefs:   May 25, 2017
Decided:       June 15, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

FRANCO A. FLORES-MONTECINOS

PER CURIAM

[¶1] Franco A. Flores-Montecinos appeals from a judgment convicting him of theft by unauthorized taking or transfer (Class E), 17-A M.R.S. § 353(1)(A) (2016), entered by the trial court (Penobscot County, *A. Murray, J.*) after a jury trial. For the first time in this case, Flores-Montecinos challenges the constitutionality of 17-A M.R.S. § 361-A(2) (2016), which, in pertinent part, creates a permissible inference, *see* M.R. Evid. 303, that a defendant engaged in the conduct that constitutes the crime of theft by unauthorized taking or transfer if the State proves beyond a reasonable doubt that the defendant "concealed unpurchased property stored, offered or exposed for sale while the defendant was still on the premises of the place where it was stored, offered or exposed." We affirm.

2

[¶2] Contrary to Flores-Montecinos's argument, section 361-A(2) is sufficiently clear to give an ordinary person adequate notice of the type of conduct that gives rise to the permissible inference of the specified elements of theft.[1] *See State v. Reckards*, 2015 ME 31, ¶¶ 4-5, 113 A.3d 589; *see also State v. Preston*, 2011 ME 98, ¶ 7, 26 A.3d 850 (stating that an unpreserved vagueness challenge to a statute is reviewed only for obvious error).

[¶3] Flores-Montecinos's remaining contention that section 361-A(2) is subject to, and fails to survive, strict scrutiny is not persuasive. *See United States v. Jenkins*, 909 F. Supp. 2d 758, 776 (E.D. Ky. 2012) ("[C]riminal statutes are not per se subject to strict scrutiny."); *see also Chapman v. United States*, 500 U.S. 453, 464-65 (1991) (reflecting the general principle that the constitutional protections inherent in criminal process are sufficient to protect a defendant's liberty interest, and so, unless a criminal statute implicates some other fundamental right, only rational basis review is required).

---

[1] Although Flores-Montecinos attempts to make an argument that because of the alleged vagueness in 17-A M.R.S. § 361-A(2) (2016), his arrest, prosecution, or conviction may have been ethnically motivated, there is nothing in the record to support that contention. We caution that in the future, if a party has concerns about improper conduct motivated by race, ethnicity, or some other protected status, that party should develop a proper record and raise those concerns during the trial court proceedings.

The entry is:

Judgment affirmed.

---

Rory A. McNamara, Esq., Drake Law, LLC, Berwick, for appellant Franco A. Flores-Montecinos

R. Christopher Almy, District Attorney, and Tracy Collins, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2016-76
FOR CLERK REFERENCE ONLY