STATE of Maine

v.

Stanley CZERWINSKI, Sr.

Supreme Judicial Court of Maine.

Argued June 13, 1988.
Decided July 28, 1988.

---

James E. Tierney, Atty. Gen., Eric Wright, Amy M. Homans (orally), Asst. Attys. Gen., Augusta, for plaintiff.

Kenneth I. Marass (orally), Dumas & Marass, Sanford, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

WATHEN, Justice.

Defendant Stanley Czerwinski, Sr. appeals from judgments entered in the Superior Court (York County) on a jury verdict finding him guilty of two counts of gross sexual misconduct in violation of 17–A M.R.S.A. § 253(1)(B) (1983). On appeal, defendant contends: (1) that he was twice put in jeopardy for the same offense in violation of his constitutional rights; (2) that the presiding justice at his first trial erred by refusing to dismiss the charges because of an alleged discovery violation by the State; (3) that the State was improperly permitted to amend its indictment; and (4) that there is insufficient evidence to support the convictions. Finding no error, we affirm the judgments of conviction.

Defendant was charged with two counts of gross sexual misconduct involving his young son. His first trial began on September 9, 1986. After the victim testified, the State presented the defense with a copy of a Department of Human Services record. In examining the record, defense counsel learned that the present district attorney of York County had previously served as *guardian ad litem* for defendant's son in another proceeding. The following day, defense counsel first requested a continuance and then moved for an acquittal or, in the alternative, a mistrial on the grounds that the State improperly delayed in disclosing the Department's file and that the district attorney's previous involvement with the victim disqualified her office from prosecuting defendant's case. Although the district attorney did not prosecute the case personally, the trial justice concluded that the appearance of impropriety was detrimental to the public interest, and, accordingly, granted defendant's motion for mistrial. After the granting of the mistrial, the State was represented by the attorney general's office.

In reviewing the victim's testimony from the first trial, the new prosecutor discovered that the two alleged incidents of gross sexual misconduct occurred on or about July, 1983, and December, 1983, rather than the dates alleged in the indictment. The prosecution moved to amend the indictment and the court granted the motion over defendant's objection. In September, 1987, after defendant unsuccessfully moved for dismissal on the basis of double jeopardy, he was retried on the amended indictment and found guilty on both counts. Defendant now appeals.

■ Defendant first argues that his retrial violated the constitutional prohibitions against double jeopardy. Both the Federal and the Maine Constitutions protect persons from being put twice in jeopardy of life or limb for the same offense. *State v. Friel,* 500 A.2d 631, 634 (Me.1985); *see,* U.S. Const. amend. V; Me. Const. art. I, § 8. The prohibition against double jeopardy, however, does not bar retrial if the defendant consents to the declaration of a mistrial. *Friel,* 500 A.2d at 634; *State v. Flick,* 495 A.2d 339, 344 (Me.1985). Whether defendant's motion for a mistrial constituted consent to the resulting order depends on whether the mistrial was declared in a manner and under circumstances that fully recognized his right to retain primary control over the course of the trial. *Friel,* 500 A.2d at 634; *Flick,* 495 A.2d at 344.

■ When defendant learned of the prior involvement of the district attorney, he had the choice either to give up the first jury or continue the trial. *Flick,* 495 A.2d at 344. By moving for a mistrial, defendant determined that a new jury would be impanelled and a new trial ordered. Having thus directed the proceedings, he clearly exercised primary control over the course of his prosecution. His control of the proceedings was not diminished in any way by the trial justice's denial of defendant's alternative motions. Appellate review would have been available with respect to a ruling on those motions if the mistrial had not been requested.

■ Defendant argues that the presiding justice at the first trial abused his discretion under M.R.Crim.P. 16(d) by refusing to dismiss the indictment as a sanction for the State's failure to produce the Department of Human Services record until the first day of trial. Assuming that there was a violation of the rules of discovery, defendant must show that he was prejudiced by the discovery violation. *State v. Reeves,* 499 A.2d 130, 133 (Me.1985); *State v. Landry,* 459 A.2d 175, 177 (Me.1983). By moving for a mistrial, defendant obtained an additional year after receiving discovery in which to prepare his defense, and he failed to allege any loss of evidence due to the delay. Accordingly, we find that he was not prejudiced by the denial of his motion to dismiss.

■ Defendant contends that the court abused its discretion in granting the State's motion to amend the indictment with respect to the dates of the offenses. Rule 7(e) of the Maine Rules of Criminal Procedure authorizes the court to amend an indictment anytime before verdict: "if the amendment does not change the substance of the offense." "[A] substantive amendment is one that changes the nature or grade of the offense charged." *State v. Twist,* 528 A.2d 1250, 1252 (Me.1987) (quoting *State v. Larrabee,* 377 A.2d 463, 465 (Me.1977)); *see State v. Hathorne,* 387 A.2d 9, 12–13 (Me.1978). The amendments in this case did not remove the alleged unlawful acts from the applicable statute of limitations or affect the prescribed age limits of the alleged victim or defendant. Accordingly, the substance of the offenses was not changed. *See State v. Levasseur,* 538 A.2d 764, 767 (Me.1988); *State v. Greene,* 512 A.2d 330, 333–34 (Me.1986).

Finally, our review of the record reveals that there is no merit in defendant's challenge to the sufficiency of the evidence. The testimony of the victim was sufficient to permit the jury rationally to find beyond a reasonable doubt every element of the offenses charged. *State v. Black,* 537 A.2d 1154, 1157–58 (Me.1988); *State v. Barry,* 495 A.2d 825, 826 (Me.1985); *see State v. Reardon,* 486 A.2d 112, 119 (Me. 1984); *State v. Heald,* 367 A.2d 1372, 1374 (Me.1977).

**335**

The entry is:
Judgments affirmed.

All concurring.