**STATE of Maine**

v.

**Willie REMBERT.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 10, 1995.

Decided May 16, 1995.

Norman Croteau, Dist. Atty., Craig Turner, Asst. Dist. Atty., Auburn, for the State.

Richard Beauchesne, Peters & Randlett, Lewiston, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Willie Rembert appeals from a judgment entered in the Superior Court (Androscoggin County, *Delahanty, C.J.*) on a jury verdict convicting him of robbery, 17–A M.R.S.A. § 651(1)(C) (1983).[1] Rembert argues that the court erred by refusing to instruct the jury on the lesser included offense of assault, 17–A M.R.S.A. § 207 (1983 & Supp.1994).[2] We agree, and vacate the judgment.

In August 1993 a grand jury indicted Rembert for Class A robbery in violation of 17–A M.R.S.A. § 651 alleging that he committed theft by the use of "force against Martin Card with the intent to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking." The evidence at trial was sufficient to support a finding that on June 23, 1993, Rembert and his brother assaulted and robbed Card. At the close of evidence, Rembert requested that the court instruct the jury that assault was a lesser included offense of robbery. The court declined to do so and Rembert preserved his objection. The jury found Rembert guilty of robbery. Rembert appeals from the judgment entered on that verdict.

■ "If a rational basis exists, the lesser included offense shall be considered by the factfinder if requested by either the State or defendant; otherwise, its consideration shall be a matter within the discretion of the court." 17–A M.R.S.A. § 13–A (1983). The State concedes that there was a rational basis on which to find Rembert guilty of assault. "[A] lesser included offense is an offense carrying a lesser penalty which ... [a]s legally defined, must necessarily be committed when the offense or alternative thereof actually charged, as legally defined, is committed." *Id.* In other words, an offense is not a lesser included offense of a greater offense unless it is impossible to commit the greater without having committed the lesser. *State v. Spearin,* 477 A.2d 1147, 1158 (Me. 1984).

The issue we face is whether the "physical force" required by section 651(1)(C) necessarily constitutes "offensive physical contact" within the meaning of section 207(1). We have held that "physical force" does not require "any direct bodily contact between the robber and the victim." *Raymond v. State,* 467 A.2d 161, 165 (Me.1983). The State attempts to distinguish the two terms by arguing that "offensive physical contact to anoth-

1. 17–A M.R.S.A. § 651 (1983) provides:
   1. A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:
   A. He recklessly inflicts bodily injury on another;
   B. He threatens to use force against any person present with the intent
      (1) to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking; or
      (2) to compel the person in control of the property to give it up or to engage in other conduct which aids in the taking or carrying away of the property;
   C. He uses physical force on another with the intent enumerated in paragraph B, subparagraphs (1) or (2),
   D. He intentionally inflicts or attempts to inflict bodily injury on another; or

   E. He or an accomplice to his knowledge is armed with a dangerous weapon in the course of a robbery as defined in paragraphs A through D.
   2. Robbery as defined in subsection 1, paragraphs A and B, is a Class B crime. Robbery as defined in subsection 1, paragraphs C, D, and E, is a Class A crime.

2. 17–A M.R.S.A. § 207 (1983 & Supp.1994) provides:
   1. A person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another.
   2. Assault is a Class D crime, except in instances of bodily injury to another who has not attained his 6th birthday, provided that the actor has attained his 18th birthday, in which case, it is a Class C crime.

**658**

er" requires a direct touching of the victim. We disagree.

■ The notion of offensive physical contact has been well developed in the context of civil battery.

> Unpermitted and intentional contacts with anything so connected with the body as to be customarily regarded as part of the other's person and therefore as partaking of its inviolability is actionable as an offensive contact with his person. There are some things, such as clothing or a cane or, indeed, anything directly grasped by the hand which are so intimately connected with one's body as to be universally regarded as part of the person.

*Restatement (Second) of Torts* § 18 cmt. c (1964); *see also Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627, 629 (Tex.1967) (snatching of patron's dinner plate constituted civil battery). We discern no basis for applying a different meaning to this legal term of art in this criminal statute. *See, e.g., Malczewski v. State,* 444 So.2d 1096, 1099 (Fla.Dist.Ct.App.1984) ("person" in criminal battery statute means person or anything intimately connected with the person).

■ Finding no other basis on which to distinguish the terms, we conclude that the use of "physical force on another" necessarily involves some type of "offensive physical contact to another." We therefore conclude that assault is a lesser included offense of robbery as charged here pursuant to section 651(1)(C), and the court erred when it failed to instruct the jury on the offense of assault. 17–A M.R.S.A. § 13–A(1) (1983); *State v. Rowe,* 453 A.2d 134, 138 (Me.1982).

The entry is:

Judgment of conviction vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.