1997 ME 91

**STATE of Maine**

v.

**Vincent POZZUOLI.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 26, 1997.

Decided May 5, 1997.

---

Geoffrey Rushlau, District Attorney, Michael P. Turndorf, Asst. Dist. Atty., Bath, for State.

Benet Pols, Brunswick, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

DANA, Justice.

[¶ 1] Vincent Pozzuoli appeals from the judgment entered in the Superior Court (Sagadahoc County, *Perkins, A.R.J.*) following jury verdicts finding him guilty of assault but not guilty of unlawful sexual contact. Pozzuoli contends that the trial court committed obvious error when it instructed the jury regarding the elements of offensive physical contact, and that the jury's verdicts are logically irreconcilable. We affirm the judgment.

[¶ 2] Pozzuoli is a gymnastics coach in Connecticut. In the summer of 1994 Pozzuoli suggested that the victim, one of Pozzuoli's students who was then eleven years old, attend a week-long gymnastics camp in Maine. Pozzuoli arranged for the two of them to stay with a friend. According to the victim's testimony, Pozzuoli approached him during their first night in Maine. Pozzuoli reached under the sleeping bag covering the victim and ran his hands over the victim's legs. The victim stayed silent and pretended to be asleep. Pozzuoli moved his hands over the victim's thighs and around his hip area. At one point, Pozzuoli slid his hand under the victim's boxer shorts and put his hand over the victim's penis, then slowly moved his hand back down the victim's leg. Pozzuoli then licked the victim's hand and touched the lower part of his legs at which point the

victim kicked Pozzuoli in the neck to make him stop.

[¶ 3] Pozzuoli was indicted for unlawful sexual contact (Class C) in violation of 17–A M.R.S.A. § 255[1] and assault (Class D) in violation of 17–A M.R.S.A. § 207.[2] At the trial, Pozzuoli denied any wrongdoing and stated that nothing unusual happened while he and the victim were in Maine. The trial court instructed the jury on the elements of unlawful sexual contact and assault. When defining "offensive physical contact" as an element of unlawful sexual contact the court stated:

> Offensive physical contact is defined as knowingly intending bodily contact or unlawful touching done in such a manner as would reasonably be expected to violate the person or dignity of the victim.

> It's something less than bodily injury ... but requires more than a mere touching of another. And basically its a question of was the contact under the circumstances such that a reasonable person would find it to be offensive.

> You may consider what a reasonable person might consider under the circumstances to be offensive as well as the subjective interpretation of the contact as a particular victim might testify to during the course of the trial.

The court further instructed the jury that there was no evidence of bodily injury and that a finding of assault would have to be based on offensive physical contact as defined by the court in the context of unlawful sexual contact.

[¶ 4] After a short period of deliberation, the jury requested that the indictment be read to them again and that the court go over the elements of each offense. The court gave the jury the requested instructions but did not repeat the definition of offensive physical contact. The jury found Pozzuoli guilty of assault but not guilty of unlawful sexual contact.

## I.

[¶ 5] Pozzuoli contends that the court erred by instructing the jury that it could consider the victim's subjective interpretation of Pozzuoli's contact when determining whether offensive physical contact had occurred. He also argues that the court failed to instruct the jury on each element of the charged offenses because the court did not provide additional instruction on the definition of offensive physical contact when the jury requested reinstruction.

[¶ 6] When, as here, a defendant challenges a court's jury instructions without an objection to those instructions in the trial court, we review the instructions only for obvious error. *State v. Googins*, 640 A.2d 1060, 1062 (Me.1994) (citation omitted). "[W]e review the instructions as a whole to ensure that they informed the jury correctly and fairly in all necessary respects of the governing law[,]" and "take into consideration the total effect created by all the instructions and the potential for juror misunderstanding." *State v. Daniels*, 663 A.2d 33, 36 (Me.1995) (quotations omitted).

[¶ 7] Viewed as a whole, the trial court's instructions correctly defined offensive physical contact. We held in *State v. Boone*, 563 A.2d 374, 378 (Me.1989), that offensive physical contact in the context of unlawful sexual contact is not defined in subjective terms. "Although the victim's reaction to the contact is relevant, it is not determinative of whether contact is offensive." *Id.* (citing *State v. Bushey*, 425 A.2d 1343, 1346–47 (Me.1981)). Here, the court accurately stated that the question is whether a reasonable person would find the contact to be offensive, and that the jury could consider what a reasonable person might perceive to

---

1. 17–A M.R.S.A. § 255(1)(Supp.1996) defines unlawful sexual contact as follows:

   A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and:

   ....

   C. The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older....

2. 17–A M.R.S.A. § 207(1)(1983) defines assault as follows:

   A person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another.

be offensive as well as the victim's subjective interpretation of the contact. The court's instructions did not improperly emphasize the victim's subjective perception.

[¶ 8] Nor did the court fail to instruct the jury on the essential elements of the charged offenses. The court's second set of instructions included the definitions for sexual contact and an intentional act, discussed the culpable mental state necessary to establish assault and the meaning of the term "beyond a reasonable doubt." The court did not commit obvious error by failing to provide reinstruction about the definition of offensive physical contact because viewing the instructions in their entirety, there is no possibility that the jury was misled by the court's reinstruction. *See State v. Huntley,* 681 A.2d 10, 14 (Me.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 702, 136 L.Ed.2d 623 (1997) (court's refusal to include reinstruction on the presumption of innocence in response to the jury's request to be reinstructed regarding reasonable doubt and the term "almost certain" did not create possibility that jury was misled by reinstruction and was not obvious error).

## II.

[¶ 9] Pozzuoli contends that the jury's verdicts are logically irreconcilable.

He reasons that the jury's acquittal on the charge of unlawful sexual contact manifests the jury's finding that he did not commit offensive physical contact and that he therefore cannot be guilty of assault, which also requires offensive physical contact as an element of the offense. We disagree. Even if the verdicts were inconsistent, we recently held that "[m]ere inconsistency between guilty and not guilty verdicts on separate counts of a single indictment will not render the guilty verdict invalid[,]" and we will affirm the conviction if there is sufficient evidence to support it. *State v. Finnemore,* 1997 ME 44, ¶ 9, 690 A.2d 979. Here, the victim's testimony about the incident provided the jury with sufficient evidence to find that Pozzuoli committed the crime of assault.

The entry is:

Judgment affirmed.