2010 ME 126
**STATE of Maine**
v.
**John A. SEVERY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 21, 2010.

Decided: Nov. 30, 2010.

Evert Fowle, District Attorney, James G. Mitchell, Assist. Dist. Atty., Augusta, ME, for the State.

Sean M. Farris, Esq., Farris Law, P.A., Gardiner, ME, for John A. Severy.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] A jury found that John A. Severy committed unlawful sexual contact (Class B), 17–A M.R.S. § 255–A(1)(E–1) (2009),[1] by subjecting a child under the age of twelve to contact between his penis and her hands for purposes of his sexual gratification. Severy's defense was that, although he allowed the child to engage in that activity on multiple occasions, he did not initiate or seek out that sexual contact. He therefore argues that he did not "subject" her to unlawful sexual contact. We conclude that an adult does "subject" a child to sexual contact by failing to stop the child from touching the adult's genitals on multiple occasions and instead allowing the child to continue this contact.

[¶ 2] Specifically, Severy appeals from a judgment of conviction of unlawful sexual contact (Class B), 17–A M.R.S. § 255–A(1)(E–1), entered in the Superior Court (Kennebec County, Mills, J.) upon a jury verdict finding him guilty. He argues that the court should have granted his motion for a judgment of acquittal because the State failed to offer evidence that he "intentionally subject[ed] [the child] to any sexual contact," as required by the unlawful sexual contact statute. Id. § 255–A(1). On the same basis, he argues that the evidence was insufficient for the jury to convict him of the crime. We disagree with Severy's reading of the unlawful sexual contact statute and conclude that an adult can "subject" a child to sexual contact by allowing that contact to proceed and failing to stop the child. Accordingly, we affirm the judgment.

## I. BACKGROUND

[¶ 3] Viewing the evidence in the light most favorable to the State, the jury rationally could have found the following facts beyond a reasonable doubt. See State v. Filler, 2010 ME 90, ¶ 24, 3 A.3d 365, 372. Beginning sometime in 2008 or 2009, when the child involved in this case was seven or eight years old, she would visit Severy at his Randolph home, where he lived alone. Severy was approximately sixty-three years old at the time. He is the father of the child's stepfather.

---

1. The statute provides:
   1. A person is guilty of unlawful sexual contact if the actor intentionally subjects another person to any sexual contact and:
      . . . .
      E–1. The other person, not the actor's spouse, is in fact less than 12 years of age and the actor is at least 3 years older.
   Violation of this paragraph is a Class B crime.
   17–A M.R.S. § 255–A (2009). For purposes of this statute, " 'Actor' includes, where appropriate, a person who possesses something or who omits to act." 17–A M.R.S. § 2(3) (2009).

[¶ 4] On multiple occasions in 2008 or 2009, the child got on Severy's lap, without prompting by Severy. She would unbuckle his belt if he was wearing one, unbutton his pants, unzip his fly, put her hand in his underwear or pull them down, and move her hands up and down on his penis. Severy did not tell the child to stop and would say, "Oh yeah," or, "Ahhh." The child did this during most of her visits at Severy's home. Only after it had happened repeatedly did Severy tell her in the spring of 2009 that she should stop doing those things.

[¶ 5] After the child told her mother and her doctor about what had happened with Severy, a Maine State Police detective spoke with Severy at his residence. Severy admitted to the detective that the child had touched his penis and that he had allowed it because it felt good, but he denied that he had ever prompted her to touch his penis or had ever touched her during those events.

[¶ 6] Severy was charged by indictment with unlawful sexual contact. 17-A M.R.S. § 255–A(1)(E–1).[2] After the State had presented its case to a jury, Severy moved for a judgment of acquittal on the ground that the State had failed to establish that he *subjected* the child to sexual contact. The court denied his motion. Severy did not offer any additional evidence.

[¶ 7] Without objection, the court provided the jury with the following definition of the verb "subject": "Subject means to submit for consideration; to submit to the authority of; to render liable to something, expose; to cause to experience; to subjugate, subdue." The jury returned a verdict finding Severy guilty, and the court sentenced Severy to ten years in prison, all but six years suspended, with six years of probation.[3] Severy appealed.

## II.  DISCUSSION

[¶ 8] We review the denial of a motion for judgment of acquittal and a sufficiency of the evidence challenge by viewing "the evidence in the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense[ ] charged." *Filler*, 2010 ME 90, ¶ 24, 3 A.3d at 372 (quotation marks omitted). If statutory interpretation is necessary, that interpretation is conducted de novo. *See State v. Christen*, 2009 ME 78, ¶ 12, 976 A.2d 980, 984.

[¶ 9] In interpreting section 255–A(1)(E–1), we look to the plain meaning of the statute to give effect to the legislative intent. *Christen*, 2009 ME 78, ¶ 12, 976 A.2d at 984. In doing so, we view the relevant provision in the context of the entire statutory scheme to generate a harmonious result. *State v. Elliott*, 2010 ME 3, ¶ 29, 987 A.2d 513, 521. We construe words and phrases used in statutes "according to the common meaning of the language." 1 M.R.S. § 72(3) (2009).

[¶ 10] The statute governing the unlawful sexual contact charged here states:

---

2.  Severy was charged with only one count of unlawful sexual contact. The indictment alleged: "Between November 21, 2008 and August 31, 2009, on one or more occasions, in Randolph, Kennebec County, Maine, **JOHN A. SEVERY**, being at least three years older than [the victim], not his spouse, did intentionally subject [the victim], who was in fact less than 12 years of age, to sexual contact."

3.  The court also ordered him to pay $25 to the victims' compensation fund, *see* 5 M.R.S. §§ 3360 to 3360–M (2009), and to register as a lifetime registrant pursuant to the Sex Offender Registration and Notification Act of 1999, 34–A M.R.S. §§ 11201–11256 (2009).

**1.** A person is guilty of unlawful sexual contact if the actor intentionally subjects another person to any sexual contact and:

. . . .

**E–1.** The other person, not the actor's spouse, is in fact less than 12 years of age and the actor is at least 3 years older.

17–A M.R.S. § 255–A(1)(E–1). For purposes of the statute, " 'Actor' includes, where appropriate, a person . . . who omits to act." 17–A M.R.S. § 2(3) (2009). " 'Sexual contact' means any touching of the genitals or anus, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact." 17–A M.R.S. § 251(1)(D) (2009).[4]

[¶ 11] The verb "subject" is not defined by statute. Without objection, however, the court instructed the jury that the term "subject" could mean, among other things, "to cause to experience." This definition is consistent with a common understanding of the term. *See Webster's Third New International Dictionary of the English Language Unabridged* 2275 (2002) (providing, as a definition of the term "subject," "to cause to undergo or submit to: make submit to a particular action or effect"); *see also* 1 M.R.S. § 72(3).

[¶ 12] Taking into account the language of all relevant statutes, and giving the statutory terms their common meaning, Severy could be found guilty if he intentionally caused the child to have contact with his genitals, for purposes of gratifying his sexual desire, by failing to act to stop the child. In other words, the jury could find him guilty if it found that, to arouse or gratify his sexual desire, Severy intentionally allowed the child to continue to touch his penis, instead of stopping her.

[¶ 13] Viewing the evidence in the light most favorable to the State, the jury rationally could have found that Severy intentionally allowed the child to have sexual contact with him when he failed to stop her from opening his pants and touching his penis. *See* 17–A M.R.S. §§ 2(3), 255–A(1)(E–1). Further, based on Severy's expressions of pleasure during the acts and his confession to the police detective that it felt good, the jury rationally could have found that Severy allowed the child to continue to experience direct contact with his penis for the purpose of gratifying his sexual desire. *See* 17–A M.R.S. §§ 251(1)(D), 255–A(1)(E–1). Based on these findings, and given the undisputed ages of Severy and the child, the jury rationally could have found that the State proved each element of the crime beyond a reasonable doubt. *See* 17–A M.R.S. §§ 2(3), 251(1)(D), 255–A(1)(E–1); *Filler*, 2010 ME 90, ¶ 24, 3 A.3d at 372. In such circumstances, the court properly denied Severy's motion for a judgment of acquittal, and the evidence was sufficient to support the jury's verdict.

The entry is:

Judgment affirmed.

---

4. Among other things, the term "sexual act" requires direct physical contact between the genitals of one person and (1) the genitals, mouth, or anus of another person, (2) an animal being used by another person, or (3) an instrument or device manipulated by another person. 17–A M.R.S. § 251(C) (2009). Contact constituting a sexual act was not alleged or proved in this case.