2012 ME 123

**STATE of Maine**

v.

**James P. GANTNIER.**

Supreme Judicial Court of Maine.

Argued: June 14, 2011.

Reargued: Sept. 13, 2012.

Decided: Nov. 1, 2012.

Sarah LeClaire, Esq. (orally), Presque Isle, for appellant James P. Gantnier.

Todd R. Collins, District Attorney, and Kurt A. Kafferlin, Asst. Dist. Atty., 8th Prosecutorial District, Houlton, for appellee State of Maine.

William J. Schneider, Attorney General, Laura Yustak Smith (orally), Asst. Atty. Gen., and Donald W. Macomber, Asst. Atty. Gen., Department of the Attorney General, Augusta, for amicus curiae Department of the Attorney General.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

JABAR, J.

[¶ 1] A jury convicted James P. Gantnier of unlawful sexual contact (Class D), 17–A M.R.S. § 255–A(1)(A) (2011), and of violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2011). On appeal, Gantnier challenges both convictions. Because we agree with Gantnier that the Superior Court (Aroostook County, *Hunter, J.*) erred in denying Gantnier's request to instruct the jury on assault (Class D), 17–A M.R.S. § 207(1)(A) (2011), as a lesser included offense of unlawful sexual contact, we vacate Gantnier's conviction for unlawful sexual contact. We do not disturb his conviction for violating a condition of release.

## I. BACKGROUND

[¶ 2] Viewed in the light most favorable to the jury's verdict, the evidence established that in March 2008, James Gantnier and the victim were both living with the victim's maternal grandmother. Gantnier is the ex-husband of the victim's mother, with whom he has two children, a son and a daughter.

[¶ 3] On the morning of March 18, 2008, Gantnier and the victim were alone in the grandmother's house. The victim, who was fourteen at the time, had been asleep on the couch, but awoke to Gantnier touching what she identified as her "private areas" or her "vagina." He was touching her beneath a blanket but over her pajamas. Upon realizing what was happening, the victim immediately jumped up from the couch and called her aunt and her mother. Gantnier apologized to the victim and asked her not to tell anyone "because it was going to ruin his life."

[¶ 4] Later that afternoon, during an interview with a Maine State Trooper, Gantnier told the Trooper that "it was a mistake" and that he "[s]houldn't have done it." The State charged Gantnier with

unlawful sexual contact, 17–A M.R.S. § 255–A(1)(A), alleging that he "did intentionally subject Child A, who had not expressly or impliedly acquiesced, to sexual contact."[1] The court issued a bail bond prohibiting Gantnier from having direct or indirect contact with the victim.

[¶ 5] Sometime after March 18, the victim moved in with her mother. The victim's half-sister, Gantnier's daughter, also lived in the home. On June 13, 2008, Gantnier, accompanied by his son and the victim's grandmother, arrived at the victim's mother's house to pick up his daughter. At the request of the victim's grandmother, Gantnier took several group pictures of the three children standing outside the home. The bail bond prohibiting Gantnier from having contact with the victim was still in effect on June 13, and for this conduct the State charged Gantnier with violating a condition of release.

[¶ 6] In June 2010, the court held a jury trial on the charges of unlawful sexual contact and violating a condition of release. Gantnier testified to his version of what occurred on March 18. He explained that while trying to wake the victim, he reached down to shake her. Gantnier testified that the victim was curled up in a ball with a blanket completely covering her; consequently he could not be sure where he touched her, but he said he intended to touch her shoulder or hip. The victim woke up as soon as he touched her, and he apologized to her when she jumped up in a panic. Gantnier testified that he never told the victim not to tell anyone because it would ruin his life. He stated that during

his conversation with the Maine State Trooper he said that he told the trooper that *if anything had happened*, it was an accident. He further clarified that when he told the trooper that he should not have done it, he meant that he wished he had not woken the victim up.

[¶ 7] At the close of evidence, Gantnier requested that the court instruct the jury on unlawful sexual touching, 17–A M.R.S. § 260, and assault, 17–A M.R.S. § 207, as lesser-included offenses of unlawful sexual contact. The court denied Gantnier's request, reasoning that because all three crimes were Class D crimes, assault and unlawful sexual touching did not carry a lesser penalty than unlawful sexual contact.

[¶ 8] The jury convicted Gantnier of unlawful sexual contact and violating a condition of release. The court sentenced him to nine months in jail, all but thirty days suspended, and one year of probation for the unlawful sexual contact, and thirty days for violating a condition of release, to be served concurrently. The court also notified him of the ten-year sex offender registration requirement pursuant to the Sex Offender Registration and Notification Act of 1999 (SORNA), 34–A M.R.S. §§ 11201–11256 (2011).[2]

## II.  DISCUSSION

### A.  Lesser–Included–Offense Instructions

[¶ 9] In order to assess Gantnier's contention that he was entitled to lesser-included-offense instructions, we must resolve three distinct issues: first, whether

---

1.  Gantnier was also charged with operating after suspension (Class E), 29–A M.R.S. § 2412–A(1–A)(A) (2011), and he pleaded guilty to this charge at trial. Because it is not relevant to this appeal, his conviction for operating after suspension is not discussed further.

2.  SORNA has since been amended, though the amendments are not relevant in the present case. *See* P.L.2011, ch. 299 (effective Sept. 28, 2011) (codified at 34–A M.R.S. § 11221 (2011)).

the formal charge of unlawful sexual contact contains the lesser-included offenses, such that the included offenses, as legally defined, are necessarily committed when the offense charged, as legally defined, is committed, 17–A M.R.S. § 13–A(2)(A) (2011); second, whether the included offenses carry a lesser penalty than the offense charged, *id.* § 13–A(2); third, whether the lesser-included-offense instructions were required under the facts of this case. *Id.* § 13–A(1). In undertaking this review, we review the court's legal conclusions de novo. *See State v. Labbe,* 2009 ME 94, ¶ 2, 979 A.2d 693.

1. Whether the offenses are lesser-included offenses

[¶ 10] The first issue is whether the charged offense contains a lesser-included offense that is necessarily committed when the greater offense is committed. A lesser-included offense is one that has no elements different from or in addition to the elements of the charged offense, making it "impossible to commit the greater [offense] without having committed the lesser." *State v. Rembert,* 658 A.2d 656, 657 (Me.1995). However, every distinct method of committing the greater offense need not include every element of the lesser offense. *State v. Luce,* 394 A.2d 770, 773–74 (Me.1978). "The indicted offense will include a lesser offense whenever the State has alleged within its indictment … a particular, *defined* manner of committing the crime which *necessarily* includes acts that must necessarily also be engaged in to constitute the commission of a lesser offense, as that offense is *defined.*" *Id.* at 773.

[¶ 11] Here, the elements of the greater offense, unlawful sexual contact, are the following: (1) the actor intentionally (2) subjects another person to any touching of the genitals or anus, (3) for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact, and (4) "[t]he other person has not expressly or impliedly acquiesced in the sexual contact." 17–A.M.R.S. §§ 251(1)(D) (2011), 255–A(1)(A). Unlawful sexual touching requires that (1) the actor intentionally (2) subjects another person to any touching of the breasts, buttocks, groin, or inner thigh (3) for the purpose of arousing or gratifying sexual desire, and (4) "[t]he other person has not expressly or impliedly acquiesced in the sexual touching." 17–A M.R.S. §§ 251(1)(G), 260(1)(A). Finally, the elements of assault are (1) intentionally, knowingly or recklessly (2) causing bodily injury or offensive physical contact (3) to another person. 17–A M.R.S. § 207(1)(A).

a. Comparing unlawful sexual touching to unlawful sexual contact

[¶ 12] Although the statutes criminalizing unlawful sexual contact and unlawful sexual touching are nearly identical, when read in conjunction with their statutory definitions, it is clear that they are functionally distinct. *Compare* 17–A M.R.S. § 255–A (criminalizing unlawful sexual contact) *and* 17–A M.R.S. § 251(1)(D) (defining sexual contact) *with* 17–A M.R.S. § 260 (criminalizing unlawful sexual touching) *and* 17–A M.R.S. § 251(1)(G) (defining sexual touching). As legally defined, "sexual contact" can be committed "for the purpose of arousing or gratifying sexual desire *or for the purpose of causing bodily injury or offensive physical contact.*" 17–A M.R.S. § 251(1)(D) (emphasis added). However, "sexual touching" can *only* be committed "for the purpose of arousing or gratifying sexual desire." 17–A M.R.S. § 251(1)(G). Although it may be argued that it is impossible to touch the "genitals or anus" without necessarily touching the "breasts, but-

tocks, groin, or inner thigh," the statutes criminalize different conduct because unlawful sexual touching always requires proof of a sexual desire while unlawful sexual contact does not. As is evident from its statutory definition, sexual contact can be committed in two ways: (1) for the purpose of satisfying a sexual desire, or, (2) for the purpose of causing bodily injury or offensive physical contact. 17–A M.R.S. § 251(1)(D). Because the operative statutes incorporate the definitions, each criminalizes different conduct, and it is possible to commit unlawful sexual contact without committing unlawful sexual touching.

[¶ 13] In *State v. Stewart*, we held that aggravated assault and assault were not lesser-included offenses of elevated aggravated assault as charged by the State in that case. 2007 ME 115, ¶ 16, 930 A.2d 1031. We reasoned that although the State could have charged the crime in a way consistent with assault and aggravated assault, as actually charged the offense required proof of "a depraved indifference to the value of human life." *Id.* ¶¶ 5–6, 16. We explained that "a charge that does not require proof of any culpable state of mind cannot have as a lesser included offense any charge that does require such proof because the lesser offense would require proof of an element not contained in the primary charge—the *mens rea.*" *Id.* ¶ 10 (quotation marks omitted). Despite the possibility that someone could commit elevated aggravated assault in a manner that would be consistent with aggravated assault and assault, those offenses were not lesser-included because, as charged, one could commit elevated aggravated assault without *necessarily* committing aggravated assault or assault. *Id.* ¶ 15.

[¶ 14] The same is true in this case, where the State alleged only unlawful sexual contact. Although there is a possibility that a person could commit unlawful

sexual contact in a manner consistent with unlawful sexual touching, unlawful sexual touching is not *necessarily* committed when unlawful sexual contact is committed. *See Luce,* 394 A.2d at 773–74. Consequently, like the statutes at issue in *Stewart,* unlawful sexual contact and unlawful sexual touching "may be of the same genus, but they are different species of crimes," 2007 ME 115, ¶ 16, 930 A.2d 1031, and unlawful sexual touching is not a lesser-included offense of unlawful sexual contact.

b. Comparing assault to unlawful sexual contact

[¶ 15] The State does not dispute that both unlawful sexual contact and assault require proof of a culpable mental state, *see id.* ¶ 9 (explaining that a lesser offense requiring proof of a culpable state of mind is not included in a greater offense that does not require a culpable state of mind), but argues that assault requires an element not required by unlawful sexual contact: *actual* offensive physical contact.

[¶ 16] Offensive physical contact is contact that a reasonable person would find offensive in the circumstances. Alexander, *Maine Jury Instruction Manual* § 6–59 at 6–86 (4th ed.2012); *accord State v. Pozzuoli,* 1997 ME 91, ¶¶ 3, 7, 693 A.2d 745; *Rembert,* 658 A.2d at 658. Any time a person engages in unlawful sexual contact, which requires intentionally subjecting another to any "touching of the genitals or anus" when "[t]he other person has not expressly or impliedly acquiesced in the sexual contact," 17–A M.R.S. §§ 251(1)(D), 255–A(1)(A), offensive physical contact occurs. Contrary to the State's contention, assault does not require an element that is unnecessary for unlawful sexual contact and, as defined, assault is necessarily committed when unlawful sexual contact is committed.

### 2. Lesser Penalty

[¶ 17] Because unlawful sexual touching is not a lesser-included offense of unlawful sexual contact, we need not determine whether it carries a lesser penalty. We must, however, determine whether assault carries a lesser penalty. Unlawful sexual contact and assault are both Class D crimes. 17–A M.R.S. §§ 207, 255–A(1)(A). We have already established that Class D crimes for which probation may be imposed as part of the sentence upon conviction carry a greater penalty than Class D crimes for which the possibility of probation does not exist. *See State v. Metzger,* 2010 ME 67, ¶¶ 23 n. 7, 24, 999 A.2d 947. Section 1201 of Title 17–A of the Maine Revised Statutes provides the circumstances under which a sentence including probation may be imposed. The court may not impose a sentence of probation for a Class D or Class E crime unless that crime is specifically listed as an exception in the statute. 17–A M.R.S. § 1201(1)(A–1) (2011). Because simple assault is not included in the list of Class D or Class E crimes for which probation may be imposed, it has a lesser penalty than unlawful sexual contact. *See* 17–A M.R.S. § 1201(1)(A–1)(3) (granting a sentencing court authority to impose a sentence with probation for unlawful sexual contact).

### 3. Whether the evidence supports a lesser-included-offense instruction

[¶ 18] The third determination is whether the evidence in the record supports an instruction on the lesser-included offense. To be entitled to a lesser-included-offense instruction, there must be an evidentiary basis sufficient to generate the instruction. *State v. Thongsavanh,* 2007 ME 20, ¶ 31, 915 A.2d 421. In determining whether the evidence provides a rational basis for finding the defendant guilty of the lesser-included offense, the court must consider the evidence and the inferences that may be drawn from the evidence in the light most favorable to the defendant. *See State v. Wilder,* 2000 ME 32, ¶ 23, 748 A.2d 444. In conducting this review, the persuasiveness of the evidence is not for the court to decide; the weight and credibility of this evidence is a question for the jury. *See State v. Filler,* 2010 ME 90, ¶ 24, 3 A.3d 365.

[¶ 19] Because the Superior Court concluded on other grounds that assault was not a lesser-included offense, it did not consider whether the jury could rationally find Gantnier guilty of that offense. Based on our review of the record, we conclude that it could. Gantnier testified that he intended to touch the victim on the hip or the shoulder in order to wake her, but the blanket covering her body obscured his ability to distinguish her body parts. As a result, he claimed not to know where he had touched her. The victim identified the area that Gantnier touched as her private area and later as her vagina. Depending on which evidence was accepted by the jury, a rational fact-finder could determine that Gantnier did recklessly touch the victim and the touching was offensive, but it was not Gantnier's purpose to engage in offensive or sexual contact. Accordingly, the evidence supported an assault instruction.

[¶ 20] Assault is a lesser-included offense of unlawful sexual contact, and, on the basis of the evidence presented, there was a rational basis for the jury to find the defendant guilty of that lesser-included offense. In these circumstances, "the lesser included offense shall be considered by the factfinder *if requested by either the State or defendant;* otherwise, its consideration shall be a matter within the discretion of the court." 17–A M.R.S. § 13–A(1) (emphasis added).

[¶ 21] The effect of the court's failure to instruct the jury, upon Gantnier's request, on assault was that the jury was "never instructed that it could believe the theory of the defense." *State v. Rowe*, 453 A.2d 134, 139 (Me.1982); *see also State v. Bridges*, 2003 ME 103, ¶ 43, 829 A.2d 247. Because the court failed to properly instruct the jury, we vacate Gantnier's conviction for unlawful sexual contact.

**B. Violating a Condition of Release**

[¶ 22] We find no merit in Gantnier's final contention on appeal. He asserts that because there is no evidence that he spoke with or touched the victim while in her presence on June 13, 2008, there is insufficient evidence to find that he had "contact" with the victim in violation of his conditions of release. When contact with a victim is prohibited by a bail bond or as a condition of release, proof of intentional but indirect contact with the victim can be sufficient to establish a violation. *See State v. Elliott*, 2010 ME 3, ¶ 33, 987 A.2d 513; *State v. Pettengill*, 635 A.2d 1309, 1309–10 (Me.1994). Accordingly, we conclude that there was sufficient evidence in the record upon which the jury could find every element of the offense of violating a condition of release beyond a reasonable doubt. *See State v. Cook*, 2010 ME 85, ¶ 7, 2 A.3d 333 (providing the standard of review).

The entry is:

Judgment of conviction for unlawful sexual contact vacated. Remanded for further proceedings consistent with this opinion. Judgment of conviction for violating a condition of release affirmed.