MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2014 ME 23
Docket:      Cum-12-223
Argued:      January 15, 2014
Decided:     February 18, 2014

Panel:       SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and
             JABAR, JJ.

STATE OF MAINE

v.

NICHOLAS A. GLADU

MEAD, J.

[¶1] Nicholas A. Gladu appeals from a judgment of conviction entered by the trial court (*Warren, J.*) following a jury verdict finding him guilty of unlawful sexual contact (Class A), 17-A M.R.S. § 255-A(1)(F-1) (2013);[1] sexual exploitation of a minor (Class A), 17-A M.R.S. § 282(1)(C) (2013); visual sexual aggression against a child (Class C), 17-A M.R.S. § 256(1)(B) (2013); and sixty-five counts of possession of sexually explicit material (Class C), 17-A M.R.S.

---

[1] The statute provides, in part:

    **1.** A person is guilty of unlawful sexual contact if the actor intentionally subjects another person to any sexual contact and:

    . . . .

    **F-1.** The other person, not the actor's spouse, is in fact less than 12 years of age and the actor is at least 3 years older and the sexual contact includes penetration. Violation of this paragraph is a Class A crime[.]

17-A M.R.S. § 255-A(1)(F-1) (2013).

§ 284(1)(C) (2010)[2]. Gladu contends that the court erred in denying his motion for a judgment of acquittal on the charge of unlawful sexual contact because the photograph relied on by the State to prove the required element of penetration was insufficient for that purpose. He also contends that the court erred in conducting voir dire when it asked an edited version of a question he proposed that was designed to disclose bias toward a defendant who suffers from mental illness. We take this opportunity to clarify the conduct that the State is required to prove in order to prove the element of penetration, and affirm the judgment.

## I. BACKGROUND

[¶2] When "[v]iewed in the light most favorable to the jury's verdict, the record supports the following facts." *State v. Ormsby*, 2013 ME 88, ¶ 2, 81 A.3d 336. In October 2010, while packing Gladu's property after he had moved out of her apartment, Gladu's ex-girlfriend and her friend, the victim's mother, found a camera memory card in the inside pocket of Gladu's coat. The two women found photographs on the card, and discovered that a large number of them depicted children in sexual situations. They recognized a girl in some of the photographs as the victim, then four years old. Gladu's ex-girlfriend identified the location where the photographs of the victim had been taken as a place where she

---

[2] Title 17-A M.R.S. § 284(1)(C) has since been amended, but not in a way that affects this appeal. P.L. 2011, ch. 50, § 2 (emergency, effective April 25, 2011) (codified at 17-A M.R.S. § 284(1)(C) (2013)).

had once lived with Gladu. She remembered that while they were living there he had once babysat the victim alone. She called the police.

[¶3] The grand jury handed down a sixty-eight count indictment to which Gladu pleaded not guilty and not guilty by reason of insanity. The case went to trial in March 2012.

[¶4] At trial, the parties stipulated that thirty-five photographs on the camera card were of the victim at the age of four. One, the photograph at issue in this appeal, showed at close range an adult finger touching the inner part of the victim's labia. An additional photograph showed a man's erect penis above a pair of red gym shorts that were partially pulled down; Gladu's ex-girlfriend testified that she recognized the shorts as his. Detective Eli Chase of the Portland Police Department conducted a forensic examination of the SD card and testified that he found a total of 251 photographs and seven videos that in his opinion constituted child pornography.

[¶5] At the conclusion of the State's case-in-chief, Gladu moved for a judgment of acquittal on the charge of unlawful sexual contact, asserting that the photograph of an adult finger touching the victim's labia, acknowledged by the State to be the only evidence offered to prove the element of penetration required by the Class A charge, was insufficient for that purpose. The court denied the

motion, ruling that "a jury could find penetration based on how far the finger may be . . . within the vagina." The jury returned a verdict of guilty on each count.

[¶6] At a sentencing hearing, the court entered judgment and imposed an aggregate sentence of ten years' imprisonment on the thirty-nine counts of possession of sexually explicit material involving children other than the victim, and a consecutive aggregate sentence on the twenty-nine remaining counts of the indictment, all involving the victim, of twenty-eight years' imprisonment, with all but twenty-two years suspended, and eighteen years of probation. Gladu appealed. We denied his application to appeal from the sentences imposed.

## II. DISCUSSION

### A. Motion for Judgment of Acquittal

[¶7] In considering Gladu's contention that the court erred by denying his motion for a judgment of acquittal, we "view[] the evidence in the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense charged." *State v. Severy*, 2010 ME 126, ¶ 8, 8 A.3d 715 (alteration and quotation marks omitted). We construe the statute defining the crime charged de novo. *Id.*

[¶8] As discussed above, the court denied Gladu's motion after ruling that the jury "could find penetration based on how far the finger may be . . . within the vagina." The court later instructed the jury that

[i]f you conclude the State has proven the charge of unlawful sexual contact you will then be asked a separate question as to that charge, whether it also has been proven beyond a reasonable doubt that the sexual contact in question included any digital penetration however slight of the vagina.

[¶9] The court's instruction overstated the State's burden. "Sexual contact" is defined as "any touching of *the genitals* . . . for the purpose of arousing or gratifying sexual desire."[3] 17-A M.R.S. § 251(1)(D) (2013) (emphasis added). Female genitalia include the labia as well as the vagina. *See* Webster's II New College Dictionary 1240 (2001) (defining "vulva" as "[t]he external female genitalia, including the labia majora"). Although "penetration" is not defined in the criminal code, "as a general rule, words and phrases that are not expressly defined in a statute must be given their plain and natural meaning and should be construed according to their natural import in common and approved usage." *Fortin v. Titcomb*, 2013 ME 14, ¶ 7, 60 A.3d 765 (alteration and quotation marks omitted). To "penetrate" means "[t]o enter." Webster's II New College Dictionary 812 (2001).

[¶10] Accordingly, in this case Gladu could be convicted of Class A unlawful sexual contact if the State proved beyond a reasonable doubt that his fingertip entered the victim's genitals, within the folds of the labia or into the vagina. Viewing the photograph at issue in the light most favorable to the State,

---

[3] The word "vagina" is not used in the criminal code.

6

we conclude that the jury could have rationally made that finding. For that reason, Gladu's motion for a judgment of acquittal was properly denied.

B.    Voir Dire

[¶11]   During jury selection, Gladu requested several voir dire questions concerning prospective jurors' views of a mental illness-based defense, including the following:

> Has any member of the panel, either themselves or a close family member, ever been treated for a mental illness or mental defect? . . . If yes, please describe.

> Was there anything about that experience which would cause you to potentially be unfair against or for the person who suffered such an illness and received treatment?

> The court (*Mulhern, J.*) declined to ask the questions as proposed, and

instead asked the pool,

> [D]oes any member of the panel have any experience or attitude toward a mental illness defense that makes you more or less likely to believe or disbelieve the defense despite the evidence provided in the case? Any experience . . . or attitude toward a mental illness defense that makes you more or less likely to believe or disbelieve the defense despite the evidence provided in the case? And we have no response.

The court advised defense counsel, "I'm not giving the other questions. Some of them I thought were not appropriate and others were covered by the other voir dire." Gladu preserved his objection to the court's ruling.

[¶12]   We "review a court's management of voir dire for an abuse of discretion." *State v. Nigro*, 2011 ME 81, ¶ 14, 24 A.3d 1283.  "The purpose of the voir dire examination is to detect bias and prejudice in prospective jurors, thus ensuring that a defendant will be tried by as fair and impartial a jury as possible." *Id.* ¶ 15 (quotation marks omitted).  Accordingly, "voir dire questioning must be sufficient to disclose facts that would expose juror bias." *Id.*

[¶13]   Here, the court did not disregard the area of potential bias that Gladu wished to explore.  Instead, it asked prospective jurors a general question—whether they had any experience or attitude toward a mental illness defense that could affect their impartiality—without resorting to the intensely personal question of whether they or a close family member had actually suffered from a mental illness and then asking for the details of that experience.  The question the court asked was sufficient to detect bias against a defendant with mental illness.  Had a prospective juror indicated a potential bias, the court could have then conducted individual voir dire to discern the reason for it.  Because no panel member disclosed a general bias, their personal experience with mental illness was irrelevant.

The entry is:

Judgment affirmed.

8

**On the briefs:**

Lisa Chmelecki, Esq., Fairfield & Associates, P.A., Lyman, for appellant Nicholas Gladu

Stephanie Anderson, District Attorney, and Jennifer F. Ackerman, Asst. Dist. Atty., Prosecutorial District No. Two, Portland, for appellee State of Maine

**At oral argument:**

Lisa Chmelecki, Esq. for appellant Nicholas Gladu

Jennifer Ackerman, Asst. Dist. Atty., for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2011-928
FOR CLERK REFERENCE ONLY