MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2015 ME 15
Docket:      Was-14-65
Argued:      December 9, 2014
Decided:     February 12, 2015

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

CLIFFORD W. THORNTON

GORMAN, J.

[¶1]   Clifford W. Thornton appeals from a judgment of conviction for one count of unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1) (2014); two counts of unlawful sexual contact (Class C), 17-A M.R.S. § 255-A(1)(E); two counts of unlawful sexual contact (Class C), 17-A M.R.S.A. § 255(1)(C) (Supp. 2000); one count of unlawful sexual contact (Class C), 17-A M.R.S.A. § 255(1)(C) (Supp. 1999); and one count of unlawful sexual contact (Class C), 17-A M.R.S.A. § 255(1)(C) (Supp. 1996), entered by the court (*Hunter, J.*) after a jury trial.[1]   Thornton challenges the court's decision to allow the amendment of the indictment, as well as the admission of certain evidence at trial.   We amend the judgment to correct a scrivener's error, and affirm the conviction as amended.

---

[1]   Title 17-A M.R.S.A. § 255 was repealed and replaced as of 2003.   P.L. 2001, ch. 383, §§ 22-23 (effective Jan. 31, 2003) (codified at 17-A M.R.S. § 255-A (2014)).

2

## I. BACKGROUND

[¶2]   On January 14, 2013, a Washington County grand jury issued an indictment against Thornton that charged him with nine counts involving three different victims: Count I—gross sexual assault (Class A), 17-A M.R.S. § 253(1)(C) (2014); Count II—unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1) (2014); Count III—unlawful sexual contact (Class C), 17-A M.R.S.A. § 255(1)(C) (Supp. 1999); Count IV—unlawful sexual contact (Class C), 17-A M.R.S.A. § 255(1)(C) (Supp. 1996); Count V—unlawful sexual contact (Class C), 17-A M.R.S.A. § 255(1)(C) (Supp. 2000); Count VI—unlawful sexual contact (Class C), 17-A M.R.S.A. § 255(1)(C) (Supp. 2000); Count VII—unlawful sexual contact (Class C), 17-A M.R.S. § 255-A(1)(E); Count VIII—unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1); and Count IX—unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1).[2]  With respect to Count IX in particular, the State alleged that Thornton had committed the offense of unlawful sexual contact between the dates of September 17, 2005, and March 24, 2006, and alleged that, at the time of this offense, the victim was not yet twelve years old.  Thornton pleaded not guilty to all nine counts.

---

[2]  Counts II and IV through IX alleged crimes against one victim, Count I alleged crimes against a second victim, and Count III alleged crimes against a third victim.  Count II was dismissed by the State as duplicative of Count VIII, and Thornton was ultimately found not guilty of Counts I and III.  Thornton's appeal therefore concerns only Counts IV through IX, which all related to a single victim.  Thus, references to "the victim" in this opinion are to that victim alone.

[¶3]  The court conducted a five-day jury trial in November of 2013, during which the State established, beyond a reasonable doubt, that the victim was born on March 25, 1993, and from the time that she was three until she turned thirteen years old on March 25, 2006, Thornton periodically subjected the victim to sexual contact, including touching her genitals and forcing her to touch his genitals. *See State v. Severy*, 2010 ME 126, ¶ 8, 8 A.3d 715.

[¶4]  After both sides had rested, as the parties were discussing jury instructions, the prosecutor noticed that although Count IX purported to charge Thornton with a Class B offense based on the victim's age—less than twelve years old—the time frame included in the portion of the indictment that described Count IX actually alleged that the victim had been twelve or thirteen years old on the relevant dates.  Over Thornton's objection, the court granted the State's motion to amend the indictment to allege that the victim was less than fourteen years old, thereby reducing the offense to a Class C unlawful sexual contact. *See* 17-A M.R.S. § 255-A(1)(E).

[¶5]  After deliberation, the jury found Thornton guilty of Counts IV through IX.  The court entered a judgment on the verdict and sentenced Thornton to ten years in prison with all but six years suspended and twelve years of probation for Count VIII, the Class B unlawful sexual contact conviction.  The court also sentenced Thornton to three years in prison for each of the five Class C unlawful

4

sexual contact convictions, ordering that those sentences be served concurrently with each other and with the ten-year sentence. Thornton appeals.[3]

## II. DISCUSSION

[¶6] Thornton contends that the court erred in permitting the State to amend Count IX of the indictment. We review de novo the court's compliance with the applicable constitutional and rule provisions, and otherwise evaluate the grant of a motion to amend an indictment for an abuse of discretion. *State v. Bailey*, 2010 ME 15, ¶ 16, 989 A.2d 716; *State v. Czerwinski*, 544 A.2d 332, 334 (Me. 1988).

[¶7] The State may charge a person with murder or any Class A, B, or C crime only through indictment by a grand jury.[4] Me. Const. art. I, § 7 ("No person shall be held to answer for a capital or infamous crime, unless on a presentment or indictment of a grand jury . . . ."); M.R. Crim. P. 7(a) ("All proceedings in which the crime charged is a Class A, Class B, or Class C crime shall be prosecuted by indictment, unless indictment is waived . . . ."); M.R.U. Crim. P. 7(a) (same). The indictment—"a plain, concise and definite written statement of the essential facts constituting the crime charged," M.R. Crim. P. 7(c); *see* M.R.U. Crim. P. 7(c)—is

---

[3] We denied Thornton's petition for review of his sentence. *State v. Thornton*, No. SRP-14-66 (Me. Sent. Rev. Panel June 16, 2014); *see* 15 M.R.S. § 2151 (2014); M.R. App. P. 20.

[4] Except as to a charge of murder, M.R. Crim. P. 7(b) and M.R.U. Crim. P. 7(b) allow defendants an opportunity to waive the grand jury process, in which case the prosecution may proceed by complaint or information. Thornton, however, did not waive his right to have the new charge presented to a grand jury.

meant to allow "an accused [person] of reasonable and normal intelligence" to be sufficiently informed about the charges against him such that he can both adequately prepare his defense and avoid double jeopardy. *State v. Gauthier*, 2007 ME 156, ¶ 17, 939 A.2d 77. Thus, "[a]n indictment must allege every element of the offense charged." *State v. Corliss*, 1998 ME 36, ¶ 6, 706 A.2d 593; *see* 17-A M.R.S. § 32 (2014) (defining "[e]lement of the crime" as "the forbidden conduct; the attendant circumstances specified in the definition of the crime; the intention, knowledge, recklessness or negligence as may be required; and any required result."); *cf. State v. Langill*, 567 A.2d 440, 443 (Me. 1989) (noting that the statutory citation to the crime charged will not supplement a missing element not otherwise alleged).

[¶8]  Although a grand jury must issue every indictment, M.R. Crim. P. 7(e) sets out circumstances in which an indictment may be amended without resubmission to the grand jury: "The court may permit the amendment of an indictment charging a crime other than a Class D or Class E crime at any time before verdict or finding if the amendment does not change the substance of the crime." *See* M.R.U. Crim. P. 7(e); *Gauthier*, 2007 ME 156, ¶ 18, 939 A.2d 77. Thus, if the indictment works a "substantive change," it must be resubmitted to the grand jury; if it is an amendment only as to "form," the trial court has the authority

6

to allow the amendment without resubmission to the grand jury. *Gauthier*, 2007 ME 156, ¶ 18, 939 A.2d 77

[¶9]   Related to Rule 7's instructions concerning the amendment of indictments is the body of law allowing or requiring the jury to consider a crime not charged in the indictment if that offense is a "lesser included offense" of a crime that is charged in the indictment. *See* 17-A M.R.S. § 13-A (2014). Section 13-A defines a lesser included offense as one that carries a lesser penalty and that, "[a]s legally defined, must necessarily be committed when the offense or alternative thereof actually charged, as legally defined, is committed." 17-A M.R.S. § 13-A(2)(A). Section 13-A further provides that "[i]f the lesser offense is defined in a manner that it may be committed in alternative ways, each alternative which meets the above definition shall be deemed to be a lesser included offense" and that "[f]acts which are a basis for sentencing classification of either the crime charged or the lesser crime shall be considered alternatives of those crimes." 17-A M.R.S. § 13-A(2)(A).

[¶10]   Pursuant to section 13-A, a jury *must* consider a lesser included offense if either the State or the defendant requests it and there is a "rational basis for finding the defendant guilty of that lesser included offense." 17-A M.R.S. § 13-A(1). Even without a party's request, the trial court may, in its discretion, instruct a jury to consider a lesser included offense when a rational basis exists in

the evidence. 17-A M.R.S. § 13-A(1). In *State v. Gantnier*, we summarized the criteria for consideration of a lesser included offense when requested by the State or the defense as follows:

> In order to assess [a defendant's] contention that he was entitled to lesser-included-offense instructions, we must resolve three distinct issues: first, whether the formal charge of unlawful sexual contact contains the lesser-included offenses, such that the included offenses, as legally defined, are necessarily committed when the offense charged, as legally defined, is committed; second, whether the included offenses carry a lesser penalty than the offense charged; [and] third, whether the lesser-included-offense instructions were required under the facts of [the] case. . . .

2012 ME 123, ¶ 9, 55 A.3d 404 (citations omitted). Addressing in detail the requirement that the lesser included offense must necessarily be committed by the commission of the greater offense, we further explained that

> [a] lesser-included offense is one that has no elements different from or in addition to the elements of the charged offense, making it impossible to commit the greater offense without having committed the lesser. However, every distinct method of committing the greater offense need not include every element of the lesser offense.

*Id*. ¶ 10 (alteration omitted) (citation omitted) (quotation marks omitted).

[¶11]  As legally defined, the Class C version of unlawful sexual contact, of which Thornton was convicted in Count IX pursuant to section 255-A(1)(E), is a lesser included offense of the Class B version of unlawful sexual contact, with which Thornton was charged in Count IX pursuant to section 255-A(1)(E-1). The two crimes both require the identical proof that the defendant "intentionally

8

subject[ed the victim] to any sexual contact" and the defendant was "at least 3 years older" than the victim. 17-A M.R.S. § 255-A(1)(E), (E-1). The additional element for the Class C version of the offense—that the victim was less than fourteen years old—is also necessarily committed when the Class B version of the offense—that the victim was less than twelve years old—is committed. *Compare* 17-A M.R.S. § 255-A(1)(E), *with* 17-A M.R.S. § 255-A(1)(E-1). It is indeed impossible to commit the greater offense without having committed the lesser offense.

[¶12] The Class C version of unlawful sexual contact also carries a lesser penalty than the Class B version, i.e., up to five years in prison as opposed to up to ten years in prison, *see* 17-A M.R.S. § 1252(2)(B)-(C) (2014), and a fine of up to $5000 rather than up to $20,000, *see* 17-A M.R.S. § 1301(1-A)(B)-(C) (2014).

[¶13] Finally, the evidence at trial reveals a rational basis on which the jury could find Thornton guilty of the lesser included Class C offense, and the State indeed requested that the jury consider the lesser included Class C offense. In these circumstances, not only was the jury *allowed* to consider the Class B version of the offense, but more significantly, the court was *required* to instruct the jury to do so. *See* 17-A M.R.S. § 13-A(1).

[¶14] With the clarity of the evidence developed during Thornton's trial, the State determined that it could not prove that the victim was less than twelve years

old at the time of the events alleged in Count IX. Rather than pressing on to seek the Class B conviction, perhaps by utilizing the "on or about" language of the indictment, the State acted ethically[5] by addressing the problem with the court and requesting an amendment of the indictment so that only the lesser Class C alternative was presented to the jury. Although the State did not refer to section 13-A or use the phrase "lesser included offense," the result was the same in that the jury was directed to consider whether the State had proved, beyond a reasonable doubt, that Thornton had committed the Class C version of the Class B offense with which Thornton was charged in the indictment.[6] The trial court committed no error and we affirm the judgment as amended to correct the scrivener's error.[7]

---

[5] Maine Rule of Professional Conduct 3.8(b) obligates a prosecutor, when aware of evidence or information that tends to mitigate the degree of the offense or reduce the punishment, to disclose such information.

[6] The court's actions prevented the traverse jury from considering and possibly making the same arithmetic error that apparently led a grand jury to charge Thornton with the Class B offense.

[7] Both the judgment of conviction and the docket record contain a scrivener's error in that each reflects that Thornton was found guilty of Count IX as a Class B offense, rather than as the Class C offense. The record makes clear that Thornton was in fact found guilty of Count IX as a Class C offense. We amend the judgment to correct this error.

Thornton's remaining challenges—to the admission of (1) the victim's testimony regarding Thornton's expression of remorse, (2) a page omitted from the trial exhibit containing the victim's 2013 written statement, and (3) the victim's testimony regarding the events at a camp owned by friends—are not persuasive and we do not address them further. There is also sufficient evidence in the record to support Thornton's conviction for the remaining counts (Counts IV-VIII). *See State v. Mercier*, 2014 ME 28, ¶ 6 n.1, 87 A.3d 700.

The entry is:

> Judgment amended to reflect that the conviction as to Count IX was for the Class C offense of unlawful sexual contact.  Judgment affirmed as amended.

---

**On the briefs:**

Joseph Mekonis, Esq., Saco, for appellant Clifford Thornton

Carletta Bassano, District Attorney, and Paul Cavanaugh II, First Asst. Dist. Atty., Prosecutorial District VII, Ellsworth, for appellee State of Maine

**At oral argument:**

Joseph Mekonis, Esq., for appellant Clifford Thornton

Paul Cavanaugh II, First Asst. Dist. Atty., for appellee State of Maine

Washington County Superior Court docket number CR-2011-181